C. W. POST v. THE STATE OF TEXAS.

No. 2725.   Application No. 9056.   Decided December 16, 1914.

1.—Case Reaffirmed.

The ruling announced in this case upon certified questions (State of Texas v. Post, 106 Texas, 468) is reaffirmed. (P. 501.)

2.—Practice on Appeal—Rendering Judgment.

Where the evidence is without conflict the Court of Civil Appeals, on reversing, may render judgment; but where there is any conflict upon a material issue it has no authority to substitute its findings of fact for those of the trial court. (P. 501.)

Error to the Court of Civil Appeals, Third District, in an appeal from Travis County.

The State brought suit against Post, and appealed from a judgment for defendant. Post obtained a writ of error on the reversal of this and rendition of judgment against him by the appellate court.

*Gregory, Batts & Brooks,* for plaintiff in error.

*B. F. Looney,* Attorney General, and *G. B. Smedley,* Assistant, for defendant in error.

Mr. Justice PHILLIPS delivered the opinion of the court.

· The suit was a controversy between the State and the plaintiff in error, Post, over certain lands held by the latter, claimed by the State to be vacant and sought by it to be recovered. The trial resulted in a judgment in Post's favor. On the appeal the Honorable Court of Civil Appeals affirmed this judgment on the original hearing, but on motion for rehearing reversed it, and rendered judgment for the State for all of the land. 169 S. W., 401. With the State contending that the land was not included in the several surveys owned by Post as determined by their original field notes, a principal question in the case was, whether a resurvey of Post's lands by the State surveyor under the Act of 1887 (arts. 5347, 5348 and 5349, Rev. Stats., 1911), which, according to its corrected field notes, placed the land in dispute within the lines of the original patents, was binding upon the State. After the Court of Civil Appeals' decision on rehearing, it certified that question to this court, to which answer was made that the resurvey was not effectual to give Post any land which the original surveys did not, according to their field notes, include. 169 S. W., 407. The case is now here ,on Post's petition for writ of error, to which the State has filed an answer.

Adhering to our ruling on the certified question, the Court of Civil Appeals correctly decided that the resurvey was not binding upon the State; but it was without authority to render the judgment. While the trial court rested its judgment upon a holding that the State was concluded by the resurvey, it found as a fact that a part of the land in suit,—not defining the amount, is embraced within the original field notes of the surveys. If it is, the State is not entitled to recover that part of the land. The Court of Civil Appeals found differently from the trial court upon this question, and upon such finding rendered the judgment.

The province of determining questions of fact is in the trial court. The Court of Civil Appeals has the power to set aside its finding and remand the cause for a new trial. Where the evidence is without conflict, it may render judgment. But where there is any conflict in the evidence upon a. material issue, it has no authority to substitute its findings of fact for those of the trial court. Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 406, 44 S. W., 69.

There is evidence in the record, whether correct or not, which supports the trial court's finding of fact that the original field notes of the surveys include a part of the land in controversy. The case should, therefore, have been only remanded.

The judgments of the District Court and the Court of Civil Appeals are reversed, and the case is remanded for the settlement of this issue.

(Associate Justice Hawkins, being disqualified, did not participate in the decision.)

*Reversed and remanded.*