### ST. LOUIS SOUTHWESTERN RY. CO. et al. v. STATE. (No. 458–3172.)

(Commission of Appeals of Texas, Section A. Nov. 7, 1923.)

**1. Railroads ☞9(2)—Burden of proving unreasonable and unjust apportionment of cost of union depot upon railroads.**

In state's action to compel railroads to construct a union depot under an order of the Railroad Commission, the railroads, under Rev. St. art. 6658, had the burden of proving by clear and satisfactory evidence that the apportionment of cost of the construction of the depot made by such order was unreasonable and unjust.

**2. Railroads ☞9(2)—Reasonableness of apportionment of cost of union depot held question for jury.**

In state's action against railroads to compel compliance with Railroad Commission's order directing the construction of a union depot and apportioning the cost, the question of whether the apportionment of cost was unreasonable and unjust, as claimed by the railroads, was a question of fact for the jury, and not one of law.

**3. Appeal and error ☞1175(5)—Court of Civil Appeals could not substitute its finding for that of jury on question of fact and render judgment thereon, but was required to remand cause.**

In an action by the state to compel railroads to construct union depot under order of the Railroad Commission, in which the railroads claimed that the apportionment of cost was unreasonable and unjust, the Court of Civil Appeals, in reversing the judgment for the railroads on the ground that the preponderance of the evidence showed the reasonableness of the apportionment, could not substitute its finding for that of the jury and render a judgment for the state thereon, but was required to remand the cause for ascertainment of reasonableness of apportionment as a matter of fact under Rev. St. art. 1626.

**4. Railroads ☞9(2)—Judgment setting aside Commission's order held not to preclude subsequent order.**

Where the state brought an action to compel railroads to comply with order of Railroad Commission requiring them to construct a union depot on a particular site, and the railroads defended on the ground that the apportionment of cost and the selection of the site was unreasonable and unjust, but there was no issue raised by the evidence as to reasonableness of the site, the judgment setting aside the order of the Commission, without prejudice to the right of the Commission to make such orders in the premises in the future as might be reasonable and just to the railroads, did not preclude the Commission from making a subsequent order requiring the construction of a union depot on the same site with different apportionment of cost.

Error to Court of Civil Appeals of Third Supreme Judicial District.

Suit by the State of Texas against the St. Louis Southwestern Railway Company and others. Judgment for defendants was reversed, and a judgment was rendered for the State by the Court of Civil Appeals (199 S. W. 829), and defendants bring error. Judgment of Court of Civil Appeals reversed in so far as it rendered judgment, judgment of district court reversed, and cause remanded.

E. B. Perkins and A. H. McKnight, both of Dallas, R. M. Rowland and Thompson, Barwise & Whorton, all of Fort Worth, and Hiram Glass, of Austin, for plaintiffs in error.

B. F. Looney, Atty. Gen., and Luther Nickels, Asst. Atty. Gen., for the State.

BISHOP, J. On March 22, 1910, the Railroad Commission of Texas made an order requiring the Missouri, Kansas & Texas Railway Company of Texas, the St. Louis Southwestern Railway Company of Texas, and the Trinity & Brazos Valley Railway Company to construct a union depot at Hillsboro, Tex. The above-named railway companies failed to comply with this order, and the Railroad Commission, on January 17, 1911, made and issued an order requiring said companies to construct such depot on the site on which was located the depot of said Missouri, Kansas & Texas Railway Company, and that each of said companies pay one-third of the costs and expense of construction, and that the St. Louis Southwestern Railway Company of Texas and the Trinity & Brazos Valley Railway Company each pay to the Missouri, Kansas & Texas Railway Company one-third of the value of its depot grounds, and that each construct necessary tracks to serve said union depot.

On a suit filed by the state to compel said companies to construct and operate said depot, under the order of January 17, 1911, the railway companies attacked said last-named order as being unjust and unreasonable. This case was tried in the district court, resulting in judgment in favor of said railway companies, and on appeal to the Court of Civil Appeals this judgment was reversed and the cause remanded for new trial. 165 S. W. 491. The case was again tried before a jury in the district court, and

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on a verdict on special issues judgment was rendered on May 20, 1914:

"That said order of the Railroad Commission of Texas of date January 17, 1911, be and the same is hereby, in all things, set aside, annulled, and held for naught, without prejudice, however, to the order of the Railroad Commission of date March 22, 1910, * * * or the validity of same, or of the right and power of the Railroad Commission of Texas to make such orders in the premises in the future as may be reasonable and just to the defendants."

No appeal was taken from this judgment, and it became final.

Thereafter the Railroad Commission, on November 23, 1914, made another order requiring said companies to construct a union depot on the site of the passenger depot of the Missouri, Kansas & Texas Railway Company of Texas at Hillsboro, directing that the Missouri, Kansas & Texas Railway Company pay 55 per cent., the Trinity & Brazos Valley Railway Company 26 per cent., and the St. Louis Southwestern Railway Company 19 per cent., of the cost and expense of building such depot, and that the Trinity & Brazos Valley Railway Company and St. Louis Southwestern Railway Company pay to the Missouri, Kansas & Texas Railway Company 26 per cent. and 19 per cent., respectively, of the value of the depot site upon which such depot was ordered to be constructed.

Said companies having failed to comply with this order of the Railroad Commission, the state of Texas filed suit to compel said companies to construct and operate said depot under the last-named order.

The St. Louis Southwestern Railway Company of Texas and the Trinity & Brazos Valley Railway Company, among other things, alleged that the apportionment of the cost of the construction of said depot, and the amount to be paid by them to the Missouri, Kansas & Texas Railway Company for said site, was unreasonable and unjust to them, and to each of them, and asked that said order of the Railroad Commission be set aside and annulled.

The case was tried before a jury, and on special issues submitted, the jury held that the order of the Railroad Commission of Texas entered November 23, 1914, was unreasonable and unjust to both the St. Louis Southwestern Railway Company and the Trinity & Brazos Valley Railway Company, in the matter of the apportionment of the cost therein stated, and judgment was entered in the district court setting aside and annulling this order of the Railroad Commission. On appeal the Court of Civil Appeals found that the apportionment of the cost under this order was neither unreasonable nor unjust, but, on the contrary, such apportionment was just and reasonable to said railway companies, and to each of them, and that the trial court erred in refusing to peremptorily instruct the jury to return a verdict for the state, and reversed and rendered judgment in favor of the state. 199 S. W. 829.

In this opinion, the court uses this language:

"The evidence does not clearly show that the apportionment of the cost by the Commission was not just and reasonable. On the contrary, the preponderance of the evidence shows that the apportionment thus made is just and reasonable as to appellees and as to each of them."

[1-3] Under article 6658 of the Revised Statutes of Texas, the burden of proof was on the railway companies to show by clear and satisfactory evidence that the apportionment of cost was unreasonable and unjust. But in this case the issue as to whether the apportionment of cost was unreasonable and unjust was one of fact, and not of law. The jury was instructed that before it could find that the order was unreasonable and unjust in this respect, it must so appear by clear and satisfactory evidence. It therefore follows that the trial court did not err in refusing to direct a verdict for the state. The Court of Civil Appeals was without authority to substitute its finding on this issue for that of the jury. However, that court was within its rights in holding that "the preponderance of the evidence shows that the apportionment thus made is just and reasonable," and having so held, should have reversed the judgment of the trial court and remanded the cause. Patrick v. Smith, 90 Tex. 267, 38 S. W. 17; Stevens v. Masterson, 90 Tex. 417, 39 S. W. 292, 921; H. & T. C. Ry. Co. v. Strycharski, 92 Tex. 1, 37 S. W. 415; Irving v. Freeman, 106 Tex. 38, 155 S. W. 931; Post v. State, 106 Tex. 500, 171 S. W. 707.

Article 1626 of the Revised Statutes provides:

"When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below."

In this case the matter of fact which it was necessary to ascertain was as to whether the cost apportioned by the Railroad Commission of Texas was unreasonable and unjust. The Court of Civil Appeals, having reversed the judgment because the verdict of the jury is against the preponderance of the evidence, should have remanded the cause. In the case of Patrick v. Smith, supra, the law is stated as follows:

"Clearly, where there has been a trial by jury, the Appellate Court could not, upon reversal upon the ground stated, render the judg-

ment—because it is such a judgment as the district court had the power to enter. Its duty, where the verdict is set aside because it is against the great weight of the evidence, is to order a new trial; and, by analogy, it seems that when the Court of Civil Appeals set aside the finding of the trial court for a like reason the cause ought to be remanded. But the statute expressly directs this course 'when there is any matter of fact to be ascertained.' It is not the province of the Court of Civil Appeals to determine a question of fact in the first instance. Their jurisdiction is to set aside a finding by the court or jury, when contrary to the evidence or against such a preponderance of the evidence that in their opinion it ought not to stand."

[4] We agree with the Court of Civil Appeals on the conclusions reached; that the selection of this site by the Railroad Commission was not foreclosed by the judgment of the district court of May 20, 1914; and that no issue was raised by the evidence as to whether the site was unreasonable and unjust.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed in so far as it rendered judgment for defendant in error, and that the judgment of the district court be reversed and the cause remanded.

GREENWOOD and PIERSON, JJ. Judgments of the district court and of the Court of Civil Appeals reversed, and cause remanded to the district court.

CURETON. C. J., not sitting.