## CITY OF KIRBYVILLE v. THACKWELL.

### No. 3200.

Court of Civil Appeals of Texas. Beaumont.

July 21, 1937.

Rehearing Denied Aug. 4, 1937.

Richardson & Lanier, of Jasper, for appellant.

C. A. Lord, of Beaumont, for appellee.

O'QUINN, Justice.

Appellant, City of Kirbyville, is a municipal corporation, duly chartered under the provisions of chapter 1, title 28, Revised Statutes of Texas (now Vernon's Ann.Civ.St. Arts. 961–976). As such municipal corporation, it installed, and in 1934 was operating, a system of waterworks for the convenience of its citizens. In 1934, appellant's city council decided to install a sewer system, and began negotiations with the Federal PWA agency to finance the project. For that purpose, PWA agreed to buy appellant's bonds in the amount of $38,000, to be secured by a pledge of the revenues from the sewer system, and to give appellant a grant of $12,000, but required appellant to employ a competent consulting civil and sanitary engineer to design, survey, prepare plans, maps, specifications, estimates, and all other necessary work preparatory to obtaining a loan from the PWA to be used in the erection and installing the sewer system, and to supervise the construction of the system when operation work began. Appellant entered into a contract with appellee to do the work required of the engineer, and he completed same up to where the specifications, maps, blueprints, estimates, etc., were ready for filing with the PWA office at Fort Worth, Tex., and same were so filed, along with appellant's contract of employment with appellee, and after inspection by the PWA authorities were approved by PWA, and the loan of $38,000 duly granted and approved. The bonds of appellant for said sewer project were accordingly voted and approved by the Attorney General of the state of Texas, and everything ready for the letting of the contract for the building of the sewer system. Appellant, in its written contract with appellee, agreed to pay him for his services 6 per cent. of the cost of the sewer system, which was estimated at $44,-463.87, to be paid as follows: 50 per cent. upon the letting of the contract for the construction of the system, and the remainder from month to month during the progress of the work in the proportion of the work completed during each month until the whole was paid computed upon the final cost of the system. Appellant agreed to employ a competent inspector, who should be kept at all times on the ground, during the actual construction work. As before stated, bonds in the sum of $38,000 were voted by appellant as required by PWA pledging only the revenue of the sewer system to liquidate the bonds which was the original offer of PWA. But after the election PWA decided that the revenue from the sewer system alone would not liquidate the bonds and directed appellant to hold another election pledging also the revenues from the city waterworks as security and as a liquidating fund for the bonds. This election was held as required by PWA and resulted in favor of the bonds. The election was held in strict accordance with law, and the bonds were approved by the Attorney General of Texas, and by counsel for PWA. In the meantime a new city administration was elected by appellant, which determined to switch from PWA to WPA as its financing agency. Pending negotiations between appellant and WPA, appellant's city council passed an ordinance canceling all proceedings with PWA and WPA, relating to the installation of the sewer system. Appellant then gave notice to appellee of its declining to proceed further with the construction of the sewer system, and that it would not build same, and discharged him from further services in connection therewith. Whereupon appellee demanded of appellant pay for the services he had rendered under his contract with the city, which it refused to pay, and this suit was brought by him to recover for his said services, which he alleged were worth $2,000.

Appellant answered by general demurrer, special exceptions pointing to uncertainty in plaintiff's pleading, general denial, and specially the lack of sufficient funds with which to build the sewer system, and its inability to secure such funds, and further its good faith in its efforts to secure sufficient funds to finance the project, wherefore it was without fault, and appellee was not entitled to recover in any sum. The case was tried to a jury upon the following special issues, answered as indicated:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that the defendant, City of Kirbyville, declined to proceed to let the contract for the construction of its sewer system and disposal plant under the P. W. A. grant?"

Answer: "It did decline to let the contract."

"Special Issue No. 2

"Do you find from a preponderance of the evidence that the defendant, City of Kirbyville, informed the plaintiff, H. L. Thackwell, that it would not proceed to let the contract for the construction of its sewer system and disposal plant under the P. W. A. grant?"

Answer: "It did inform the plaintiff that it would not proceed to let the contract."

"Special Issue No. 3

"Find from a preponderance of the evidence when—that is, on or about what date—the defendant, city of Kirbyville, informed the plaintiff, H. L. Thackwell, that it would not proceed to let the contract for the construction of its sewer system and disposal plant."

Answer: "Sept. 16th, 1935."

"Special Issue No. 4

"Find from a preponderance of the evidence when—that is, on or about what date—the defendant, City of Kirbyville, decided to decline to proceed to let the contract for the construction of its sewer system and disposal plant under the P. W. A. grant."

Answer: "Sept. 13th, 1935."

"Special Issue No. 5

"What do you find from a preponderance of the evidence to be the reasonable cost of the work of constructing the sewer system and disposal plant that the defendant, City of Kirbyville, had intended to construct, at the time when said defendant declined to proceed to let the contract for said construction work of its sewer system and disposal plant?"

Answer: "$44,000.00."

"Special Issue No. 6

"What do you find from a preponderance of the evidence would have been a reasonable time in which to construct the sewer system and disposal plant that the defendant, City of Kirbyville, had intended to construct?"

Answer: "Four months."

"Special Issue No. 7

"What do you find from a preponderance of the evidence would have been the reasonable cost to plaintiff, H. L. Thackwell, to employ a competent inspector to be maintained at all times on the ground during the actual construction work?"

Answer: "$600.00."

"Special Issue No. 8

"What do you find from a preponderance of the evidence to be the reasonable value of plaintiff's advisory services, general administration of the business and supervision of the work in connection with the construction of the sewer system and disposal plant after the construction work commenced, if the defendant, City of Kirbyville, had proceeded to let the contract for the said construction work?"

Answer: "$2,640.00."

"Special Issue No. 9

"From a preponderance of the evidence, what do you find would be a reasonable compensation to allow the plaintiff, H. L. Thackwell, for his services rendered in connection with the project in question?"

Answer: "$1,320.00."

Appellant filed objections to the court's charge, but did not prepare and present any special issue relative to any phase of the case with request that same be submitted for the jury's finding, nor was any issue submitted for a finding which would have justified or have been a defense to its discharge of appellee.

On the verdict of the jury, judgment was entered in favor of appellee in the sum of $1,320. This appeal is from that judgment.

Appellant's first assignment complains that the court erred in overruling its objection (fifth) to the charge as a whole because the court failed to submit a special issue inquiring whether appellee, when informed by appellant that it was seeking to be relieved, under its agreement with the PWA, from proceeding to build the sewerage system, declined to further assist appellant in the furtherance of its project with the Federal Emergency Administration of Public Works.

The assignment is overruled. No such issue was prepared by appellant and presented to the court for submission. Where an issue is not submitted by the court in the main charge, a mere objection to the charge because of its omission is not sufficient. To be able to complain of its omission, the party desiring the submission of such issue must prepare an issue and request its submission. Article 2190,

R.S.1925, as amended by Acts 1931, c. 78, § 1 (Vernon's Ann.Civ.St. art. 2190); Texas & N. O. Ry. Co. v. Crow (Tex. Civ.App.) 101 S.W.(2d) 274; Gulf, C. & S. F. Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Palmer v. Guaranty State Bank (Tex.Civ.App.) 292 S.W. 953; Pennington Produce Co. v. Browning (Tex.Civ.App.) 293 S.W. 935, affirmed (Tex.Com.App.) 299 S.W. 870; Archibald v. Bruck (Tex.Civ.App.) 264 S.W. 500; Harris v. Thornton's Dept. Store (Tex.Civ.App.) 94 S.W.(2d) 849, 852, same case by Supreme Court on application for mandamus, Harris v. Leslie, 96 S.W.(2d) 276. Further, while appellant objected to the charge as a whole, still in no way, even in its said objection, did it request the submission of such issue.

■ For the reasons supra, appellant's second assignment, complaining that the court erred in overruling its exception (sixth) to the charge as a whole because same did not submit to the jury an issue as to whether appellant was in a position financially to construct such sewer system and disposal plant with the means available under the PWA grant, is overruled. The court did not submit such issue, and appellant made no request for its submission. Under article 2190, Revised Statutes 1925 as amended (Vernon's Ann. Civ.St. art. 2190), the issue was waived. Furthermore, under the contract entered into by appellant with appellee, which was approved by PWA, it is not believed that such issue was involved, or that any answer to such issue, if made by the jury, would have been of any controlling force. All questions of costs of the system had been estimated, itemized, and presented to PWA including appellee's services, and by it examined and approved and the requested aid granted. So that the ability of appellant to construct the sewer system under the facts does not appear to have a determining place in the litigation. All conditions required by PWA to obtain the loan and grant for the construction of the project had been fully met by appellant, and everything was in readiness for the letting of the contract for the construction of the sewer system, when of its own motion, and without consultation with or notice to others interested in the project, appellant, acting by and through its mayor and city council, passed an ordinance halting the further progress of the proposed improvements, and canceled all prior pro-

ceedings in the matter, and so notified appellant. In view of the undisputed facts, we think the issue would have been immaterial.

What we have said supra disposes of appellant's third, fourth, and fifth assignments.

■ The sixth assignment complains that the court erred in rendering judgment for appellee, because it says that to do so would be to ignore the findings of the jury to all of the special issues other than special issue 9. It is contended by appellant that the answer to special issue 8 was such as to preclude a recovery by appellee. We have set out supra the issues and the answers thereto. We think special issues Nos. 1, 2, 3, 5, and 9 were proper and the answers of the jury thereto consistent and determining. Issues 4, 6, 7, and 8, and the answers thereto, were immaterial, and of no controlling force. That appellant contracted with appellee to perform the engineering services needful in the project is not disputed. That the amount of pay for his services and the manner and times of payment were agreed to is not questioned. That appellee actually performed all services required of him under his contract up to the time when the contract was to be let by appellant for the construction of the sewer system is undisputed. That appellant, at this point of the proceedings, without fault of appellee, and without his knowledge, on its own motion, by ordinance duly passed, halted the project and canceled all previous proceedings relative thereto, and declined to proceed further with the construction of the sewer system, and so notified appellee, is also without dispute. The special issues 1, 2, and 3, finding that appellant declined to let the contract to construct the sewer system, and so notified appellee, were proper and were not ignored by the court in rendering judgment. Also issue 5, we think, was proper and necessary. It inquired what would have been the reasonable cost of the sewer system, as contemplated and planned by appellant, had it been constructed as planned. Appellant's contract with appellee provided that he should be paid six per cent. of the cost of the system, half of which was to have been paid when the contract was let. The plans for the system estimated the plant to cost $44,463.87. The jury found in answer to special issue No. 5 that it would have been $44,000. As appellee would

have, under his contract with appellant, received 6 per cent. of this amount, then he would have received 6 per cent. of $44,000 or $2,640. But as the contract for the building of the system was never let, but halted at a time when appellee had performed all the services required of him under his contract except consultations and supervisory services for and during the construction period, the issue was necessary to enable the jury to determine what portion of the whole amount that appellee would have been entitled to had the project been finished as contemplated by appellant he should receive. In other words, what amount, as gauged by the contract services, was appellee entitled to receive for the services actually performed up to the time he 'was discharged. by appellant? This issue and the answer thereto was not ignored by the court in rendering judgment for appellee. The ninth special issue inquired what would be a reasonable compensation to appellee for the services he had rendered in connection with the sewer system project. The jury answered $1,320. It will be observed that this amount is exactly one-half of what appellee would have received if the system had been constructed at the estimated cost. This amount is well supported by the evidence, and in fact its reasonableness is not questioned by appellant. Half of appellee's pay was to have been made to him when the contract was let. Everything had been done and was in readiness for the letting of the contract. This stands without dispute, so half of appellee's compensation for his services to appellant had been earned, and would have been due, but for appellant's refusing to let the contract, and its refusal to proceed further with the project. The jury seems to have actually found and awarded appellee his compensation in line with the spirit and intent of the contract.

The insistence of appellant that the jury's answer to special issue No. 8 destroys appellant's right to recover, and so the judgment in his favor was error, is not supported by the facts or the jury's finding. Special issue No. 8 reads: "What do you find from a preponderance of the evidence to be the reasonable value of the plaintiff's advisory services, general administration of the business and supervision of the work in connection with the construction of the sewer system and disposal plant after the construction commenced, if the defendant, city of Kirby-ville, had proceeded to let the contract for the said construction work?"

The jury answered $2,640. It will be observed that this is the exact amount to which appellee would have been entitled for the whole of his services if the contract had been carried out. Evidently the jury so understood the question, but, in any event, the issue was immaterial, for the contract was not let and the sewer system was not built. Appellee was not called upon to render, nor could he under the circumstances render, any supervisory services, for there was nothing to supervise. Further, appellant's contention that the finding of the jury was that appellee would have had to pay out for the services mentioned more than he would have received, and so was not entitled to recover in any sum, is without force. The supervising services to be rendered during the construction period were to have been rendered by appellee himself, and not by some other hired and paid by appellee. And, as appellant refused to let the contract for the construction of the sewer system, and no construction was or could be done, then no supervisory services could be performed by appellee. That being true, the issue was not proper, but was wholly immaterial.

No reversible error appearing, the judgment should be affirmed, and it is so ordered.

. Affirmed.