**RAYNES et al. v. GERMANY et al.**

No. 14131.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 1, 1940.

Rehearing Denied Nov. 29, 1940.

· House & House, Albert S. Reagan, and Ellis P. House, all of Dallas, for appellants.

Mark McMahon, of Fort Worth, Angus G. Wynne, of Longview, and Prentice Wilson, of Dallas, for appellees.

SPEER, Justice.

Mrs. Adah Melton Raynes and husband, C. R. Raynes, as plaintiffs, instituted this suit in the district court of Gregg County, Texas, against E. B. Germany and several others, in form of a bill of review, filed May 14th, 1936, to set aside and vacate judgments theretofore entered in that court designated as causes Nos. 7850, 1911–B and 4218–B, praying that they be permitted to file their cross-actions and defenses in said causes and have a trial thereof on the merits of said pleadings.

Plaintiffs filed amended pleadings from time to time, and on June 12th, 1939, filed their third amended original petition, upon which, with a second supplemental petition and a trial amendment, the case was tried. In said third amended original petition, plaintiffs prayed as in their original petition, and in addition thereto asked to reform or cancel a certain written contract shown to have been made between plaintiff Mrs. Raynes (prior to her marriage) and defendant E. B. Germany, on January 29th, 1931, which instrument purported to be a contract obligating Mrs. Raynes (then Mrs. Melton, a feme sole) to execute an oil and gas lease on 21 acres of land in Gregg County, when the title was acceptable to Germany, in consideration that Germany would furnish plaintiff about $500 with which to make payment for purchase money on the land, under a contract between plaintiff and one Elbert Hoyt. The instrument purports to have attached to it a form of lease to be executed, apparently the usual and customary kind, wherein lessee would receive certain privileges of prospecting for and producing oil and gas and to deliver to the lessor one-eighth of the oil production.

The background of the controversy involved here seems to be substantially as follows: prior to April, 1931, Mrs. Melton, then a feme sole, but now Mrs. Raynes, the plaintiff, had a negro maid, the wife of Elbert Hoyt; these colored people contracted with Albert Albright, in 1928, to purchase 21 acres of land for $550, payable $50 in cash, the same amount a few months later and the remainder in annual instalments. Albright was to make a deed to the Hoyts when the purchase money was paid. Hoyt defaulted in his payments and Albright was threatening to dispossess them and repossess the land. The Hoyts appealed to Mrs. Melton to aid them in saving their land. She desired to do so, but being without the necessary funds to make payment to Albright, discussed the matter with defendant Germany, who was at that time buying and selling oil and gas leases and doing some development. Germany was interested; he agreed to furnish the money to make the necessary payments, conditioned that title to the land should be fixed in Hoyt and he could have a lease on it. Hoyt agreed to give Mrs. Melton the mineral rights if she would save the surface right for him. On April 29th, 1931, the Hoyts and Mrs. Melton entered into a contract to that effect.

On the same day, but subsequent to the contract between the Hoyts and Mrs. Melton, last above mentioned, Mrs. Melton and Germany entered into a written contract to the effect that Germany was to satisfy himself with title and would furnish the money with which to pay the Albright debt, and that when this was done, Mrs. Melton would execute to Germany a mineral lease, prescribed by a printed form attached to the contract and would further convey to Germany a three-fourths interest in the royalty. We need not further refer to the conveyance of the three-fourths interest in the royalty, reserved in the proposed lease, for the reason subsequent dealing disposed of that interest and it is not involved in this suit.

At this point it is proper to say, plaintiffs (appellants here) contend that subsequent to the Hoyt-Melton contract and previous to the Melton-Germany written agreement, Mrs. Melton and E. B. Germany had an oral agreement to the effect that Germany would furnish the money to pay the Albright debt, when satisfied with Hoyt's title; would prosecute, at his own expense, all litigation necessary to enforce the Albright-Hoyt contract of sale, and was to receive a lease for oil and gas from whomsoever held the title at that time, by

which Mrs. Melton should have, in addition to the usual and customary one-eighth royalty, an overriding one-eighth of eight-eighths royalty. That when Germany presented Mrs. Melton with the written contract on the night of April 29th, 1931, he represented to her that it contained substantially and effectively the terms of their oral agreement, and told her there was no necessity for her to read it, and that upon Germany's said representations she signed and acknowledged the contract. That the instrument did not contain a provision for her to have the overriding royalty interest orally agreed upon, and that but for the false and fraudulent statements and concealments of E. B. Germany, in the manner he prepared the instrument and representations that it contained their oral agreement, she would not have executed same. This lawsuit hinges upon these contentions of plaintiffs. They seek to have said written agreement reformed so as to coincide with the oral agreement by which Mrs. Melton was to have the one-eighth overriding royalty interest in the eight-eighths lease to Germany and associates.

A suit in trespass to try title and alternatively to enforce the contract of sale from Albright to Hoyt was instituted May 21st, 1931, in the district court of Gregg county, styled Hoyt v. Albright, No. 7850. On November 20th, 1931, Adah M. Raynes (formerly Mrs. Melton, having recently been married), joined by her (then) husband, C. R. Raynes, intervened in said cause No. 7850, by a petition filed by T. B. Stinchcomb, "attorney for intervener". In this petition plaintiffs set out the substance of the contract between the Hoyts and one of the plaintiffs (then Mrs. Melton), alleging that she was entitled to one-half of the mineral rights in said land, subject to an oil and gas lease thereon to Cranfill-Germany. She alleged that she stood ready, able and willing to carry out her agreement with Hoyt to make payment to Albright for the purchase money and made tender into the registry of the court. On January 16th, 1932, an amended petition was filed for the Hoyts, especially praying for a specific performance of the contract by Albright to convey the land to Hoyt. The nature of Albright's answers is not material to this appeal.

Judgment in cause No. 7850 was entered on January 20th, 1932, containing recitations of the appearance of all the parties, naming them. That part referring to Mrs. Raynes reads: "The intervener, Mrs. Knowles Melton Raynes, appeared in person and by counsel and announced ready for trial."

By the judgment Elbert Hoyt was awarded title to the land against the named defendants, John and Albert Albright and James S. Smith. The latter was shown to have been made a party defendant because of some kind of claim asserted, which we do not consider important here.

Referable to Mrs. Raynes' plea in intervention, the judgment awarded to her as against the plaintiff Hoyt an undivided one-half interest in all of the oil, gas and minerals in, under and upon the lands in controversy, "subject to the outstanding oil and gas lease to E. B. Germany."

The defendants Albright and Smith appealed, and the Court of Civil Appeals for the Sixth District of Texarkana affirmed the judgment of the trial court (Albright v. Hoyt, 57 S.W.2d 342), and the Supreme Court refused a writ of error.

After the judgment in cause No. 7850 was entered, vesting title to the land in Hoyt and the one-half interest in the mineral rights in Mrs. Raynes, subject to an oil and gas lease to Germany, Hoyt and wife, on February 25th, 1932, made, executed and delivered to E. B. Germany a regulation oil and gas lease on the 21 acres, in which Germany promised to pay Hoyt a royalty, in this language: "To deliver to the credit of lessors, free of cost, in the pipe line to which lessee may connect his wells, the equal one-eighth part of all oil produced and saved from the leased premises."

On the same day, to-wit, February 25th, 1932, Hoyt and wife executed and delivered to Mrs. Knowles Melton Raynes their mineral deed to an undivided one-half interest in the mineral rights in the land, and it provides that the conveyance is made subject to the terms of the mineral lease to E. B. Germany.

The record reflects that in May, 1934, in cause No. 1911-B, Gregg County district court, Germany and his associates instituted a suit against a large number of defendants, including plaintiff Mrs. Raynes, and her husband C. R. Raynes, to clear title to the land in the name of the plaintiffs in that suit. That Mrs. Raynes was cited by publication, notwithstanding plaintiffs knew full well that she resided in Dallas, Texas, and upon that process plaintiffs took judg-

ment against her, divesting her of any claim she may have in the mineral rights in the land. That she had no knowledge of the pending suit until after judgment was entered and it was too late to have rights adjudicated. That she made no answer or other appearance in said cause. Thereafter she instituted her suit in bill of review to have the judgment in cause No. 1911–B set aside and one entered in lieu thereof establishing her rights to the one-eighth of eight-eighths overriding royalty interest, in conformity with the alleged oral agreement with Germany. This action was in the district court of Gregg County and is No. 4218–B. Judgment was entered on March 24th, 1936, in said cause No. 4218–B, reciting that Mrs. Raynes and her husband appeared and announced ready for trial. The order further provided in effect that Mrs. Raynes and husband had entered into and agreed upon a judgment to be entered. The court approved the agreed judgment and ordered it entered. This judgment denied any recovery to Raynes and wife and quieted title in Germany and other opposing parties.

The instant suit being No. 9944–B in the district court of Gregg County, Texas, is for the purpose of establishing the existence of the oral agreement between Mrs. Raynes (then Mrs. Melton) and E. B. Germany, whereby the former was to have an overriding one-eighth royalty interest of eight-eighths in Germany's mineral lease; to reform the written contract between those parties to conform to the oral agreement and to set aside, review and reform all of said previous judgments in causes Nos. 7850, 1911–B and 4218–B, entered in the district court of Gregg County; and to recover of E. B. Germany and his associates the said overriding royalty interest.

The record before us is a voluminous one; it contains 350 pages of transcript and 1150 pages of the testimony. We have found it difficult to make a statement of the case which would prove satisfactory to the litigants or to the bench and bar if it should be considered applicable to future litigation. We have only attempted to relate matters which we consider necessary for a disposition of the appeal as presented to us.

The present case was tried to a jury. Special issues submitted and the answers returned made up a verdict to this effect:

(1) Adah Melton Raynes had no oral agreement with E. B. Germany on January 29th, 1931, under which she was to receive, under the Hoyt tract of land, one-half of the one-eighth royalty and in addition thereto a full one-eighth of eight-eighths overriding royalty interest.

(2) When W. L. Pickens (one of the defendants) purchased an undivided one-fourth interest in the mineral lease of Cranfill & Germany, he did not know that Mrs. Raynes then claimed to be the owner of an overriding royalty therein of one-eighth of eight-eighths of said mineral lease.

(3) T. B. Stinchcomb was authorized by Mrs. Raynes to appear and represent her in cause No. 7850, then pending in the district court of Gregg County, Texas.

(4) Mrs. Raynes authorized the firm of Stinchcomb, Kenley & Sharp to appear for her in cause No. 4218–B, styled Raynes et al. v. Germany et al., in the district court of Gregg County, Texas.

(5) Mrs. Raynes agreed to the entry of the judgment that was entered in cause No. 4218–B.

(6) Mrs. Raynes and husband used due diligence to have set aside the judgment entered in cause No. 4218–B.

Upon the verdict, the court entered judgment that plaintiffs, Mr. and Mrs. Raynes, take nothing by their suit and that the defendants, having filed a cross-action against plaintiffs for title, same was in all things sustained and judgment entered in their favor thereon for a recovery of title and possession of the lands in controversy; the land was described by metes and bounds as set out in the several pleadings.

Plaintiffs' motion for new trial was overruled and appeal perfected to the Court of Civil Appeals for the Sixth District. By an equalization order of the Supreme Court, the appeal is before us for consideration.

█ Plaintiffs present thirty-three points termed by them, "Alleged errors upon which this appeal is predicated". The briefs of plaintiffs are challenged by defendants, they contending that we cannot consider plaintiffs' briefs because they do not comply with rules provided by our Supreme Court, in that no assignments of error are contained therein, and for the further reason, the "Alleged errors" in lieu of assignments of error are not such as to meet the requirements of Rule 24 for Courts of Civil Appeals, and Article 1844 Vernon's Ann.Texas Civil Statutes. A construction of the rule and article men-

tioned has resulted in much discussion by our courts. Both the statute and the rule require that appellant "may embody in his brief in the appellate court all assignments of error distinctly specifying the grounds on which he relies." When alleged errors are not distinctly specified, they are to be considered waived.

■ We have spent much time in an effort to fully understand from appellants' brief the specific things complained of by their "Alleged Errors". Perhaps this is not the fault of plaintiffs' counsel. We find assigned errors enumerated in the brief, which are in length from a half page to as high as seven long pages of single-spaced typewritten matter. Meticulous efforts have been made by counsel to include in what they designate as assigned errors much argument, extensive quotations from the pleadings and what purports to be facts, as well as reasons believed by them, why their contentions should be sustained. We do not think the means employed are within the strict letter or even spirit of the statutory provisions, for the reason, here the errors complained of are made indistinct rather than "distinct", as provided by the statute and rules of the Supreme Court. We expressed our views on this point in Worth Finance Co. v. Charlie Hillard Motor Co., 131 S.W.2d 416. While we are not to be understood as giving our approval to the method employed in this case, yet for the earnest insistence of counsel upon their theory of the case, and with a view to getting at the rights of the respective parties, we are considering the brief in its entirety. Gavin v. Webb, Tex. Civ.App., 99 S.W.2d 372, Ib., 128 Tex. 625, 101 S.W.2d 217.

In their brief, plaintiffs' counsel, with commendable frankness, say: "The real, vital and controlling issue was, and is: did Germany make the oral agreement with Mrs. Raynes (then Mrs. Melton) for the one-eighth override as she alleged in her pleadings and testified to on the witness stand? This issue was affirmed by her and categorically denied by defendants, and upon that issue her right to recover must be finally determined."

Counsel for defendants have, in the main, accepted the challenge, subject to their cross-assignments of error, which complain because the trial court overruled their plea in bar. The plea consisted of the several judgments hereinabove referred to, Mrs. Raynes' testimony given in one of the other numbered causes, in which she made no claim for the overriding royalty here sued for, thereby estopping herself from making the contention here urged, the statute of frauds (Article 3995 R.C.S.) and the several statutes of limitations.

In the view we take of this appeal we deem it unnecessary to discuss the cross-assignments and the action of the court in overruling the plea in bar. The record indicates that the court took under advisement the plea, hearing the evidence thereon, along with the case on its merits, and at the conclusion of taking testimony, overruled it, and submitted the controverted issues to the jury.

The voluminous pleadings of defendants embraced a general denial, and, without waiving, but insisting upon their plea in bar and subject thereto, pleaded as a special answer to plaintiffs' action, all matters contained in the dilatory plea.

■ The admittedly all-important and controlling fact issue of whether or not there was an oral agreement between Mrs. Raynes and Mr. Germany at the incipiency of their negotiations, that she should, in addition to the one-half of one-eighth royalty, have an additional overriding royalty of one-eighth of eight-eighths in the mineral lease, was submitted to the jury for determination. That question was decided against plaintiffs. In her testimony she affirmed that such agreement was had; defendant Germany as positively denied it all. The testimony presented a fact issue for the jury. Neither the trial court nor this court has the authority to substitute its own opinion upon such fact issues, for that of the jury, when properly submitted to it. Oats v. Dublin Nat. Bank, 127 Tex. 2, 90 S.W.2d 824; Choate v. San Antonio & A. P. Ry. Co., 91 Tex. 406, 44 S.W. 69; Post v. State, 106 Tex. 500, 171 S.W. 707; Sproles Motor Freight Lines v. Juge, Tex. Civ.App., 123 S.W.2d 919, writ dismissed, correct judgment; Century Indemnity Co. v. Carnes, Tex.Civ.App., 138 S.W.2d 555, writ dismissed, correct judgment; McCarty v. Hogan, Tex.Civ.App., 121 S.W. 2d 499, writ dismissed, correct judgment; Alagood v. Coca Cola Bottling Co., Tex. Civ.App., 135 S.W.2d 1056, writ dismissed, correct judgment; 41 Tex.Jur., sect. 378, p. 1246.

■ Plaintiffs' counsel confess that the rule above announced is correct, but, they say, the alleged errors assigned by them

brought about the answer of the jury to the all-important issue in the case. They charge that the trial court should have sustained their special exceptions to parts of the answer of defendants; the first being based upon the charge that the answer was a conclusion of the pleader; that part quoted in the assignment was a conclusion, but it was preceded by a recitation of the facts upon which it was based, which would overcome an objection to it upon the ground urged. 33 Tex.Jur., sect. 19, p. 432.

Second and third assignments complain because the court refused to sustain plaintiffs' special exceptions to defendants' answer, wherein they pleaded the judgments in causes Nos. 7850 and 1911–B in bar and in estoppel of plaintiffs' right of recovery. It is contended by plaintiffs that the pleading should have been stricken upon their exceptions because the judgments were disclosed to be void. We think the contention is not supported by the record.

Plaintiffs seriously contend that the trial court erred in permitting defendant Germany's counsel to prove by him while testifying, that he was chairman of the State Democratic Executive Committee, was a member of the official board of his church, had been Mayor of Highland Park, a member of the Advisory Board of Methodist Hospital and many other minor positions, including school trustee and a member of the Board of Directors of the Y.M.C.A. This assignment is based upon the theory that said testimony was immaterial to any issue in the case and was highly prejudicial to plaintiffs' rights; that it was an improper manner in which to bolster Germany's testimony, and had the effect of causing the jury to give it more credence than that of Mrs. Raynes, when their conflicting statements were to be passed upon.

We have concluded that no reversible error was committed in the matters complained of for several reasons: first, this suit was based upon a charge of fraud in statements made and fraudulent concealment of facts by Germany in the manner he procured the signature of Mrs. Raynes to the written agreement concerning their respective rights, on April 29th, 1931, upon which matter Mrs. Raynes had testified to in much detail, which tended to prove her allegations. Second, Mr. Germany was called to the stand by plaintiffs' counsel for examination, and was given a rather scathing "cross examination" as termed by plaintiffs' counsel, in an effort to induce him to admit facts tending to prove the fraud alleged to have been perpetrated on Mrs. Raynes. The examination and colloquy between counsel waxed so warm that the court, as reflected by the record, declared a recess of court over night, "to give the lawyers a chance to cool off." Third, previous to calling Mr. Germany to the stand, plaintiffs' counsel had introduced as a witness Mrs. Raynes, and by way of introduction of her character and popularity, had proved by her that she was a choir leader for many years in one congregation, and pipe organist for a long time in another. Fourth, the testimony complained of came when defendants' counsel took Mr. Germany over for an examination when plaintiffs had passed the witness. After the testimony as to political preferments had been given and the witness said he was a member of the Board of Stewards of the church and a Conference Lay Leader, counsel for plaintiffs interposed this statement: "Are we trying the question of membership in the church or a lawsuit? I am trying to indulge this without objecting; I don't see how that could have any bearing on this lawsuit." The court overruled the "objection", to which counsel excepted. Many of the other matters set out in the assignment of error were introduced subsequently, without objection on the part of counsel. We do not think the "objection" urged at the time, in the absence of a motion to exclude what had previously been said by the witness without objection, and that part to which no objection was made, constitute a sufficient bill of exception to support the alleged error. To concede that the objection (if it be such) was sufficient, we think that in view of the whole record, no reversible error is shown. Article 2237 R.C.S., Vernon's Ann.Civ.St. art. 2237.

Even to say that it was error for the court to permit the introduction of testimony, such as that complained of, and to go further and assume it influenced the jury in resolving the question of whether or not there was an oral agreement made against plaintiffs, these things would not be controlling in the judgment entered. In other words, to concede that but for the testimony complained of the jury would have said in response to Special Issue No. 1 that there was an oral agreement by which Mrs. Melton should have the overriding royalty, there were other barriers between her and a judgment in this case

which were not controlled by that issue. The judgment in cause No. 7850, in which Mrs. Raynes intervened to establish her rights, precluded her from recovering the overriding royalty interest. Her defense as against that phase of the judgment was that she did not authorize the intervention. By answer to Special Issue No. 4, the jury found against her contention on that point. Again, when plaintiffs filed suit in bill of review, cause No. 4218–B, to revise the judgment entered in cause No. 1911–B, an agreed judgment was entered that she take nothing by her action. Plaintiffs contended that the firm of Stinchcomb, Kenley & Sharp had no authority from her to have that judgment entered, and that she did not assent to what purported to be an agreed judgment that she take nothing. In response to Special Issues 6 and 7, the jury found to the contrary. None of these issues and answers could be said to have been influenced by the admission of the testimony concerning the positions of trust held by defendant Germany, about which complaint was made, and previously discussed by us. Any rights to an overriding interest that Mrs. Raynes may have been entitled to in virtue of an oral agreement between her and Germany, made in 1931, were foreclosed against her contention by the judgments entered in causes Nos. 7850 and 4218–B. It was therefore necessary, to entitle her to recover in this suit, to have those judgments set aside upon the grounds alleged by her. Her failure to obtain this relief at the hands of the jury would preclude a recovery of the interest sued for, even if she had established that an oral agreement was made between her and Germany that she should have more than was awarded to her by the judgments. A somewhat analogous situation is here presented to that in Robertson et ux. v. Connecticut Gen. Life Ins. Co., Tex.Civ. App., 140 S.W.2d 936. That opinion was written in response to answers of certified questions to the Supreme Court. In that case the court announced the general rule to be that an errorless judgment would not be reversed and remanded to enable a party to better develop the case upon another trial; citing 3 Tex.Jur., p. 1143 (sect. 804); Harris v. Shafer, 86 Tex. 314, 23 S.W. 979, 24 S.W. 263; National Life Co. v. McKelvey, 131 Tex. 81, 113 S.W.2d 160.

▓ There is yet another all-sufficient reason why the judgment in this case denying plaintiffs relief should not be reversed. To say nothing of the judgments before mentioned, which stood in their way, this action was based upon the alleged oral agreement between Mrs. Raynes and Germany, which agreement was purportedly reduced to writing, executed and acknowledged. Plaintiffs claimed that the execution and delivery of the written instrument was procured by the fraudulent concealment by Germany of the facts when Mrs. Raynes was induced to execute the contract. To entitle plaintiffs to recover, it was necessary for them to establish the controverted fact issue that the contract was procured by fraud, as alleged and testified to by Mrs. Raynes. This was not done. The court submitted no issue on the question of fraud, and none was requested by plaintiffs; they must be held to have waived that point in the case. Article 2190 R.C.S., Vernon's Ann.Civ.St. art. 2190; Gulf, C. & S. F.Ry. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183; Alagood v. Coca Cola Bottling Co., Tex. Civ.App., 135 S.W.2d 1056, writ dismissed, correct judgment; City of Kirbyville v. Thackwell, Tex.Civ.App., 108 S.W.2d 226, writ dismissed, correct judgment; and authorities cited.

▓ In connection with what we have said last above, plaintiffs submit here what they term their thirty-second alleged error. This assignment complains because the court declined to give in charge to the jury sixteen separate and distinct special issues, which they claim should have been submitted. Under the very liberal rule announced above, of considering what purport to be assignments of error, we are not ignoring this complaint because of its contents. Among the sixteen issues which plaintiffs contend in the assignment should have been submitted, number seven therein inquired whether or not Mrs. Raynes was induced to sign the written contract with Germany on April 29th, 1931, by reason of the representations of Germany. But the record does not disclose that plaintiffs requested the giving of any such charge, in such a manner as can now be considered by us. We have already said the trial court submitted no such issue in his main charge, nor did he in any manner attempt to do so. The first time the several questions contained in the assignment now before us appears in the record is in the motion for new trial. In fact, the objections and exceptions to the charge do not complain because the issue of fraud by Germany was not submitted. If such complaint had been made, absent a preparation

of the issue and request to give it, it would not be sufficient to preserve the point on appeal. We are supported in this statement by the authorities last above cited.

Other alleged errors are based upon the admission of testimony, over plaintiffs' objection, wherein defendants Germany and Pickens testified that neither of them had any notice of or reason to believe, at the times inquired about, that Mrs. Raynes was asserting claim to the overriding royalty interest, which she is seeking in this suit to recover. Germany was relying upon the several judgments pleaded, along with the written contract between himself and Mrs. Raynes, denying the existence of an oral agreement to the contrary, and Pickens was claiming, as an innocent purchaser for value without notice, under a conveyance from Germany. We can see no error in the action of the court in admitting the testimony.

We have not attempted to discuss all the points raised in plaintiffs' briefs, for to do so would extend this opinion to an unnecessary length. However, we have carefully studied them all, and they are overruled. Finding no reversible error in the record, the judgment of the trial court is affirmed.