
March 2, 2006

The Honorable Jerry Patterson
Commissioner
Texas General Land Office
Post Office Box 12873
Austin, Texas 78711-2873

Opinion No. GA-0407

Re: Whether Natural Resources Code section 33.613 violates article VII, section 4 or 5 of the Texas Constitution (RQ-0388-GA)

Dear Commissioner Patterson:

As commissioner of the General Land Office (the "Land Office") and chairman of the School Land Board, you ask whether Natural Resources Code section 33.613, adopted by the Seventy-ninth Legislature, violates article VII, section 4 or 5 of the Texas Constitution.[1] *See* TEX. CONST. art. VII, §§ 4, 5; TEX. NAT. RES. CODE ANN. § 33.613 (Vernon Supp. 2005); Act of May 27, 2005, 79th Leg., R.S., ch. 867, § 3, sec. 33.613, 2005 Tex. Gen. Laws 2943, 2943–44. Section 33.613, you summarize, "allows a littoral property owner . . . to obtain title to submerged land dedicated to the Permanent School Fund" by restoring the land to its original boundaries and "without compensating" the Fund. Request Letter, *supra* note 1, at 1; *see also* TEX. NAT. RES. CODE ANN. § 33.613(b) (Vernon Supp. 2005). You suggest that section 33.613 contravenes the requirement of article VII, sections 4 and 5 that submerged land belonging to the Permanent School Fund must be "sold" and that the Fund must be compensated for such sales. Request Letter, *supra* note 1, at 1; *see also* TEX. CONST. art. VII, §§ 4, 5.

The State of Texas holds title to land covered by the Gulf of Mexico's bays, inlets, and arms "within tidewater limits . . . and those lands constitute public property that is held in trust for" the public's use and benefit. *Natland Corp. v. Baker's Port, Inc.*, 865 S.W.2d 52, 57 (Tex. App.—Corpus Christi 1993, writ denied); *accord Lorino v. Crawford Packing Co.*, 175 S.W.2d 410, 413 (Tex. 1943); Tex. Att'y Gen. Op. No. JM-1123 (1989) at 1. In general, a littoral owner[2] acquires title to land added to the shoreline through accretion but loses title to land taken from the shoreline through erosion. *See Brainard v. State*, 12 S.W.3d 6, 17, 23 (Tex. 1999); *Natland Corp.*, 865 S.W.2d at 57; *see also* Tex. Att'y Gen. Op. No. JM-1123 (1989) at 1–2. "Accretion is 'the process of increasing real estate by the gradual and imperceptible disposition by water of solid material, through the operation of natural causes so as to cause that to become dry land that was once before

---

[1]*See* Letter from Honorable Jerry Patterson, Commissioner, Texas General Land Office, to Honorable Greg Abbott, Attorney General of Texas (Aug. 26, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]A littoral owner's land "borders an ocean, sea, or lake." *Brainard v. State*, 12 S.W.3d 6, 21 n.7 (Tex. 1999).

covered by water.'" *Brainard*, 12 S.W.3d at 17 (quoting *Butler v. Sadler*, 399 S.W.2d 411, 421 (Tex. Civ. App.—Corpus Christi 1966, writ ref'd n.r.e.)); *see also Natland Corp.*, 865 S.W.2d at 57 ("accretion denotes the natural process of increasing real property by the gradual and imperceptible disposal of solid material to the shoreline"). "'Erosion,'" on the other hand, is the gradual and imperceptible "'process of wearing away the land.'" *Brainard*, 12 S.W.3d at 17 (quoting *Coastal Indus. Water Auth. v. York*, 532 S.W.2d 949, 952 (Tex. 1976)); *see also Natland Corp.*, 865 S.W.2d at 57 ("[e]rosion is the process of wearing away the land"). The littoral landowner's right to accretions does not extend to new accretive land if the landowner artificially influenced the accretion, however: "Man-made or artificial additions" that a landowner causes or participates in "do not change the boundaries between his land and the State's." *Natland Corp.*, 865 S.W.2d at 57; *accord Brainard*, 12 S.W.3d at 23.

Article VII, section 2 of the Texas Constitution sets aside all submerged lands for the Permanent School Fund. *See* TEX. CONST. art. VII, § 2; *State v. Post*, 169 S.W. 401, 406 (Tex. Civ. App.—Austin 1913), *rev'd on other grounds*, 171 S.W. 707 (Tex. 1914); Tex. Att'y Gen. Op. No. JC-0069 (1999) at 4; *see also* TEX. NAT. RES. CODE ANN. § 11.041(a) (Vernon 2001) (including within the Permanent School Fund "the mineral estate in river beds and channels"; "the mineral estate in areas within tidewater limits"; and the arms, beds, and shores of the Gulf of Mexico). According to article VII, section 4, the lands "set apart" to the Permanent School Fund "shall be sold under such regulations, at such times, and on such terms as may be prescribed by law; and the Legislature shall not have power to grant any relief to purchasers thereof." TEX. CONST. art. VII, § 4. Consistent with article VII, section 4, land belonging to the Permanent School Fund "must be sold and may be disposed of only by sale." *Weatherly v. Jackson*, 71 S.W.2d 259, 266 (Tex. 1934). "Article [VII], [s]ection 4 . . . says that Public School Lands 'shall be sold.' There must be a sale; otherwise, one collides with the constitutional prohibition of gifts of public lands." *Cobra Oil & Gas Corp. v. Sadler*, 447 S.W.2d 887, 898 (Tex. 1969). The state may not dispose of Permanent School Fund land by gift. *See Wheeler v. Stanolind Oil & Gas Co.*, 252 S.W.2d 149, 152 (Tex. 1952); *accord* Tex. Att'y Gen. Op. No. H-881 (1976) at 4.

Proceeds from the sale of submerged lands must be used to acquire other land or investments for the Permanent School Fund. *See* TEX. CONST. art. VII, § 4; *see also id.* § 5(a) ("The permanent school fund consists of all land appropriated for public schools by this constitution or the other laws of this state, other properties belonging to the permanent school fund, and all revenue derived from the land or other properties."); *id.* § 5(f) (authorizing the State Board of Education to invest Permanent School Fund monies). With express narrow exceptions, article VII, section 5 forbids the legislature from enacting a law appropriating any part of the Permanent School Fund to any purpose other than the Fund. *Id.* § 5(c).

Against this constitutional backdrop, we consider the issue you raise: whether Natural Resources Code section 33.613, "which allows the restoration of Submerged [Permanent School Fund] Land and, subsequently, the granting of title to the Property Owner without" compensating the Fund, violates article VII, section 4 or 5 of the Texas Constitution. Request Letter, *supra* note 1, at 1. Section 33.613, adopted in 2005, applies to land that

> (1) on December 1, 1955, was privately owned and not
> submerged or owned by the School Land Board; and

(2) fronts on a bay and not the Gulf of Mexico.

TEX. NAT. RES. CODE ANN. § 33.613(a) (Vernon Supp. 2005).  Section 33.613(b) appears to require littoral landowners to whom the statute applies to artificially reclaim eroded land and subsequently to hold the land in fee simple:

> In accordance with land office rules, the owner of property immediately landward of a public beach or submerged land, including state mineral lands, that has been affected by coastal erosion shall restore the affected land to its original boundaries as evidenced in a residential subdivision plat for residential lots of one acre or less filed in the real property records of each county in which the affected land is located.  The owner shall use only private resources and money for restoration authorized by this section.  After restoration the owner owns the restored land in fee simple, subject to:
>
> > (1)   the common[-]law rights of the public in public beaches
> . . . ; and
> > (2)   the rights of a public school land lessee holding a lease
> on the property on September 1, 2005.

*Id.* § 33.613(b); *see also id.* § 33.613(e) (prohibiting the use of state money for land restoration). Newly adopted section 33.613(b) thus purports on its face to accomplish two things:  (1) to require littoral property owners whose property has been "affected by coastal erosion" to "restore the affected land," using only private resources and money; and (2) to convey fee simple title to restored land to the littoral landowner. *Id.* § 33.613(b).

You posit that section 33.613 is unconstitutional because it allows a littoral property owner to obtain title in fee simple to submerged Permanent School Fund land through artificial reclamation that the owner causes or participates in without requiring the owner to compensate the Fund. *See* Memorandum Brief attached to Request Letter, *supra* note 1, at 2.  You further suggest that this grant of title is "completely unrelated to 'the support of the public free schools' and is the type of 'relief'" that article VII, section 4 specifically prohibits. *Id.*

We must presume that a statute is constitutional. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 169 (Tex. 2004) (citing *Barshop v. Medina County Underground Water Conservation Dist.*, 925 S.W.2d 618, 625 (Tex. 1996)); *Post*, 169 S.W. at 406; *see also* TEX. GOV'T CODE ANN. § 311.021(1) (Vernon 2005) (stating the presumption that the legislature, when enacting a statute, intends the statute to be consistent with the state constitution).  We are enjoined to "avoid constitutional problems if possible." *Brooks*, 141 S.W.3d at 169 (citing *Barshop*, 925 S.W.2d at 625).  Moreover, if a statute can be construed to be valid, a court has a duty to so construe it. *Empire Gas & Fuel Co. v. State*, 47 S.W.2d 265, 275 (Tex. 1932).  And if portions of a statute are legal while other portions are not, a court may effect the legal provisions by separating them from the illegal, but only if the provisions are "separable and not dependent" upon each other. *Id.*

The statute purports to convey fee simple title to restored lands without providing for compensation to the Permanent School Fund. *See* TEX. NAT. RES. CODE ANN. § 33.613 (Vernon Supp. 2005). Article VII, section 4's plain language, as well as judicial constructions and opinions of this office, direct that a statute cannot convey fee simple title to Permanent School Fund land to littoral property owners without requiring compensation to the Fund. TEX. CONST. art. VII, § 4. Attorney General Opinion H-881, for example, considers the constitutionality of a statute "granting the City of Corpus Christi submerged lands in Corpus Christi Bay to use as a public beach without compensating" the Permanent School Fund. Tex. Att'y Gen. Op. No. H-881 (1976) at 1. Under the statute, the legislature granted the City fee simple title to the submerged lands so long as the City used the land for a public beach. *Id.* at 3 (quoting Act of May 24, 1971, 62d Leg., R.S., ch. 883, 1971 Tex. Gen. Laws 2708, 2708–10). Finding that the land had been dedicated to the Permanent School Fund, the opinion concluded that the legislature could not constitutionally grant the tract to the City "without requiring compensation to" the Fund. *Id.* at 6. Attorney General Opinion JC-0069 similarly construes a conveyance of submerged land pursuant to former article 6837, Revised Civil Statutes, which ceded "[t]he right to the use and control . . . of so much of the land and sea bottom below high tide as" a county or municipality bordering on the Gulf of Mexico considers necessary to build seawalls, breakwaters, levees, and drainways. Tex. Att'y Gen. Op. No. JC-0069 (1999) at 2 (citing former article 6837 of the Revised Civil Statutes).[3] The opinion concludes that, consistently with article VII, section 4, the land could not have been conveyed without compensation to the Permanent School Fund. *See id.* at 6; *cf. Empire Gas & Fuel Co.*, 47 S.W.2d at 275 (determining that a statute conveying title to 15/16 of all minerals in public school lands to the owner of the soil violated article VII, section 4); Tex. Att'y Gen. Op. No. JM-1123 (1989) at 4 (concluding that a littoral property owner who has lost to the state title to a portion of his tract through submergence may not regain title if the land is subsequently artificially restored).

In addition, the requirement that littoral landowners restore eroded coastal land with private resources and "money for restoration authorized by" section 33.613 is inseparable from the bestowal of fee simple title on the littoral landowner who restored the land. We do not believe the legislature intended to require landowners to restore eroded land without the promise of regaining fee simple title.

For this reason, we believe section 33.613(b) in its entirety contravenes article VII, section 4 of the Texas Constitution. *See Empire Gas & Fuel Co.*, 47 S.W.2d at 275 (stating that a court may not effect legal statutory provisions that are inseparable from illegal provisions). Given our conclusion under article VII, section 4, we need not consider the constitutionality of section 33.613 under article VII, section 5.

You also ask whether the Land Office constitutionally may adopt rules concerning the artificial reclamation of land as required by section 33.613(d). *See* Request Letter, *supra* note 1,

---

[3]The substance of former article 6837 of the Revised Civil Statutes has been codified as section 421.005 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 421.005 (Vernon Supp. 2005); Act of May 10, 1999, 76th Leg., R.S., ch. 227, §§ 16, 28, 1999 Tex. Gen. Laws 721, 1025-26, 1056 (adding section 421.005 to the Local Government Code and repealing article 6837, Revised Civil Statutes).

at 1. Section 33.613(d) requires the Land Office to have adopted reasonable rules to regulate land restoration under section 33.613 by December 1, 2005. *See* TEX. NAT. RES. CODE ANN. § 33.613(d) (Vernon Supp. 2005). In our opinion, the statutory rulemaking requirement wholly depends on the legality of subsection (b), which purports to convey fee simple title to littoral landowners who restore eroded, submerged land without compensation to the Permanent School Fund. Accordingly, the Land Office may not adopt rules as section 33.613(d) purports to require. *See Empire Gas & Fuel Co.*, 47 S.W.2d at 275 (stating that a court may not effect statutory provisions that are inseparable from unconstitutional statutory provisions).

## S U M M A R Y

Natural Resources Code section 33.613, which allows a littoral property owner to artificially restore submerged land that has been lost through erosion and is dedicated to the Permanent School Fund and thereby receive title to the land in fee simple without compensating the Fund, violates article VII, section 4 of the Texas Constitution.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee