## HARRISON v. WARD et al.

No. 3530.

Court of Civil Appeals of 'Texas. Amarillo.
Jan. 21, 1931.

J. M. Elliott, of Memphis, for appellant.

C. C. Broughton, of Childress, for appellees.

JACKSON, J.

This suit was instituted in the county court of Childress county, Tex., by the plaintiff Joe H. Ward, against the defendant W. J. Frazier, Jr., of Childress county, Tex., and T. T. Harrison of Hall county. Tex.

The plaintiff alleges that the defendant W. J. Frazier, Jr., had made, executed, and delivered to him certain promissory notes which are fully described and upon which there was a balance due of $423.86, with interest and attorney's fees. That the payment of said notes was secured by two chattel mortgages executed by the defendant W. J. Frazier, Jr., and delivered to the plaintiff, covering among other personal property, seven bales of cotton grown or to be grown by said defendant on the Vance Osborn farm during the year of 1929.

The plaintiff alleges that the defendant T. T. Harrison, about September 25, 1929, converted to his own use and benefit one bale of said cotton of the value of $87.51. The plaintiff prayed for judgment against W. J. Frazier, Jr., for his debt and a foreclosure of his mortgage and sought judgment against the defendant T. T. Harrison for $87.51, the value of the bale of cotton alleged to have been converted by the defendant Harrison to his own use and benefit.

At the conclusion of the testimony, the court peremptorily instructed the jury to find for the plaintiff against the defendant W. J. Frazier, Jr., the sum of $336.35 and in favor of the plaintiff against the defendant T. T. Harrison the sum of $87.51. The jury returned their verdict in compliance with the court's charge and judgment was rendered accordingly, from which judgment T. T. Harrison alone prosecutes an appeal.

The appellee Joe H. Ward has filed a motion asking that the appeal be dismissed because the amount in controversy is insufficient to authorize this court to take jurisdiction thereof.

The Constitution of the State of Texas, art. 5, § 6, creating the Courts of Civil Appeals, says, in effect, that such courts shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all civil cases of which the district courts or county courts have original or appellate jurisdiction "under such restrictions and regulations as may be prescribed by law."

"Where the constitution gives the right of appellate review without regard to the amount in controversy, neither the legislature nor the court can impose any limitation in this respect; nor can the court do so in the absence of constitutional or statutory authority. Such limitation, however, is within the power of the legislature unless prevented by the constitution. And in most jurisdictions, if not in all, such limitations have been imposed either by the constitution or by statute; and where by positive statutory or constitutional provision, the right to remove a cause for review or the jurisdiction of a court for review, depends upon the amount of the claim or judgment or the amount or value of the property involved in the controversy, the right cannot be extended or jurisdiction exercised in any case which does not come within such provision." 3 C. J. 377, § 137.

Article 1819, as amended by the acts of the Forty-First Legislature (1929), c. 33, § 1 (Vernon's Ann. Civ. St. art. 1819), defines the appellate jurisdiction of the Courts of Civil Appeals as follows:

"The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil

cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars exclusive of interest and costs."

The appellee in the case alleged that the bale of cotton converted by the appellant was of the value of $87.51, and sought to recover and did recover against appellant only that sum. The statement of facts, without controversy, discloses, both by appellee and appellant, that the value of the bale of cotton converted was $87.51. The defendant W. J. Frazier, Jr., did not contest plaintiff's right to recover against him in the court below and is not a party to this appeal. The controversy between T. T. Harrison, the appellant in this case, and Joe H. Ward, the appellee herein, is, in our opinion, separate and distinct from the controversy between Joe H. Ward and W. J. Frazier, Jr., and in determining our jurisdiction we should look only to the amount in controversy between the appellant and appellee, which is the sum of $87.51. Brown v. Cates et al., 99 Tex. 133, 87 S. W. 1149; A. J. Birdsong & Son et al. v. Allen (Tex. Civ. App.) 165 S. W. 46, and authorities cited.

The Legislature having the right to determine by statute the amount over which this court has appellate jurisdiction and having limited our authority to review a case on appeal, "when the amount in controversy or the judgment rendered shall exceed $100.00, exclusive of interest and costs," it is our opinion that we are without jurisdiction, and appellee's motion is sustained and the appeal dismissed.