## AMERICAN NAT. INS. CO. v. NEELY.
### No. 4103.

Court of Civil Appeals of Texas. Texarkana.
Nov. 4, 1931.

Rehearing Denied Nov. 19, 1931.

Marvin H. Brown & Son, of Fort Worth, for appellant.

W. W. Wilkinson, of Fort Worth, for appellee.

SELLERS, J.

This is a suit by the American National Insurance Company filed in the justice court of precinct No. 1, Tarrant county, Tex., to set aside a judgment entered in said court against it in a garnishment proceedings.

The facts briefly stated are that Mrs. P. A. Neely recovered a judgment in the justice court of precinct No. 1, Tarrant county, Tex., for the sum of $121.30 against one A. D. Womack default, and immediately thereafter sued out a writ of garnishment against the American National Insurance Company, and on June 20, 1930, took judgment against the garnishee for the sum of $125.25, being the amount of the judgment in the original suit, plus the costs. On October 20, 1930, both the above judgments were credited with the sum of $62.37, leaving a balance due on the garnishment judgment of $62.88.

As stated above, appellant American National Insurance Company brought this suit on October 31, 1930, to set aside and hold for naught the judgment against it in the garnishment proceedings, alleging that it had not been served with sufficient process in the manner and ways required by law.

A trial of this cause was had in the justice court and resulted in a judgment denying the American National Insurance Company the relief sought, and from which judgment the American National Insurance Company duly prosecuted its appeal to the county court of Tarrant county, where the case was again tried de novo and resulted in a judgment the same as that rendered in the justice court, and from this judgment appellant has prosecuted an appeal to this court.

It is suggested by the appellee that this court has no jurisdiction in this case for the reason that the suit originated in the justice court for a sum less than $100.

It has been held that this court in determining its jurisdiction in such cases should look only to the amount in controversy between the parties to the appeal. Harrison v. Ward et al. (Tex. Civ. App.) 34 S.W.(2d) 891. Applying this test to this case, we find the amount in controversy between appellant and appellee on October 31, 1930, when this suit was filed, was $62.88, being the amount of the judgment sought to be set aside in this proceedings after the credit of $62.37 had been applied. The above facts were both alleged and proved by appellee.

This being true, we are of the opinion that this court has no jurisdiction of this appeal, and the case will therefore be dismissed.