**SALAS v. GONZALEZ.**

No. 11438.

Court of Civil Appeals of Texas.
San Antonio.

June 3, 1944.

Roy A. Scott, of Corpus Christi, for appellant.

Leo Duran, Joe J. Alsup, and Charles G. Lyman, all of Corpus Christi, for appellee.

SMITH, Chief Justice.

In this case appellee, Arnulfo Gonzalez, brought this action against Gregorio Z. Salas for an accounting in their partnership business, and for the appointment of a receiver of the properties involved. A receiver was appointed without notice and qualified and took over the properties under bond fixed by the trial judge. Salas did not appeal from the order appointing the receiver, but, instead, filed motion to vacate the receivership. That motion was denied and Salas appealed to this Court from the order of denial, and the cause is now pending in this Court. See 181 S. W.2d 821.

Appellant promptly tendered below what he denominated a supersedeas bond, in the sum of $3,000. The trial judge accepted the bond as a cost bond, for which purpose it was in due form and sufficient as a cost bond on appeal in the case. The trial judge also held that the bond "is deemed by the court as sufficient as a supersedeas and cost bond and the same is approved as such with the exception that the court is of the opinion that the order appointing the receiver without notice cannot be superseaded." After fixing the amount of probable costs of appeal, the Clerk of the trial court filed the bond.

Subsequently, appellant filed a motion in this Court praying "that since he has complied with the law with reference to filing said supersedeas bond and that same having been filed and presented in this Court, that this Honorable Court enter an order accepting said supersedeas bond and directing the receiver so appointed by said Trial Court to forthwith deliver over to the appellant herein, the property taken over by him under said appointment of the Trial Court and for such other and further orders as appellant may be entitled to receive." That motion was granted generally, but upon reflection and on motion for rehearing thereon by appellee, we are of the opinion that this Court is without power to issue writ of supersedeas in the case, and that appellant's motion for that purpose must be denied. Shell Pet. Corp. v. Grays, 122 Tex. 491, 62 S.W.2d 113. In the cited case it was held by our Supreme Court, in effect, that while an order appointing a receiver may be vacated by the filing of a supersedeas bond pending appeal, the filing of such bond pending appeal from an order overruling motion to vacate has no such effect, but has the effect only of preserving the status quo of the parties as of the time of filing the motion to vacate.

824

■ Appellant's motion for supersedeas, heretofore granted generally without mandate or specific orders thereunder, is without merit, and should be denied, and order will now be entered accordingly. Appellee's motion for rehearing thereon will be granted, for the reason stated above and not for those set out in the motion.

■ In this connection appellee has moved to dismiss the appeal on the ground that appellant failed to timely file appeal bond in the case. That motion will be denied. Although the bond filed by appellant was designated as a "supersedeas" bond by appellant, it is, nevertheless, in form and substance an appeal bond and was timely approved and filed below. The motion to dismiss will be overruled.