**BOYD v. BOYD et al.**

No. 13846.

Court of Civil Appeals of Texas. Dallas.

Nov. 21, 1947.

Rehearing Denied Dec. 19, 1947.

Cox & Cox, of Sherman, for appellant.

Brame & Brame, of Sherman, for appellees.

BOND, Chief Justice.

This is an appeal from two orders or judgments of a District Court of Grayson

County, Texas, (1) in sustaining plaintiffs' (appellees herein) exceptions to defendant's (appellant herein) motion to set aside an order or judgment entered by said court on May 3, 1946, in which the court approved a report of sale made by appellee Jas. D. Buster, receiver appointed by the court in partition suit brought by Betty Boyd and Eunice Starghill, joined by her husband Caery Starghill, against J. T. Boyd and Eugene Boyd, to Betty Boyd; and (2) an order or judgment entered by the court on April 14, 1947, directing a writ of assistance against J. T. Boyd to enable the receiver to carry out the orders or judgments of the court and to put the purchaser, Betty Boyd, in possession of the property.

The defendant's motion to set aside the order or judgment approving the receiver's report of sale to the purchaser Betty Boyd, was filed March 28, 1947, alleging (1) that the purchaser had failed and refused to carry out the terms of said sale; (2) that the said defendant J. T. Boyd had no notice of the hearing on said report of sale; (3) that the property sold was reasonably worth more than the amount offered by said purchaser; and (4) that the receiver, in applying for a writ of assistance and the hearing thereon, will incur additional court costs for the receiver to pay and deduct from such sale.

To the aforesaid motion the receiver and the purchaser of the property interposed exceptions upon the following grounds: That same constitutes an attack upon an order or judgment of the court not made within the time provided by law, and after the judgment had become final; and that the judgment having been entered on May 3, 1946, two terms of the court had convened and adjourned since the judgment had been entered; hence the judgment approving the receiver's report of sale had become final and the receiver and purchaser ready to comply with the terms of sale upon the court's granting a writ of assistance to enable the receiver to deliver possession to the purchaser of the property, upon her complying with the terms of same.

On April 11, 1947 the court entertained the motion and sustained the aforesaid plaintiffs' exceptions, to which the said defendant J. T. Boyd excepted and gave notice of appeal.

On April 14, 1947, the receiver filed application for the issuance of a writ of assistance, alleging that the defendant J. T. Boyd was in possession of the property involved in the aforesaid report of sale, and has failed and refused to deliver possession to the receiver or to the purchaser Betty Boyd; that it is necessary to obtain actual possession thereof in order to consummate the sale as confirmed by the court, and that such writ of assistance or other appropriate writ should issue directing the proper officers to remove said defendant J. T. Boyd from the land occupied by him, and to place the receiver in actual possession thereof. To this application the said defendant filed answer; in effect, a general denial and special answer that the court, in the judgments and decrees theretofore entered, alleging the sale of the property, made no express order for writ of possession, execution, or assistance; hence the receiver is not entitled to the writ to consummate the sale to the purchaser of the property, and that the purchaser is not entitled to the writ because she has not complied with the terms of sale. On April 14, 1947, the court heard the application and answer and granted the relief asked for by the receiver, to which the said defendant excepted and gave notice of appeal.

On April 29, 1947 the defendant J. T. Boyd perfected an appeal on the action of the court, both in dismissing his motion to set aside "former judgment of this court" and also "a judgment directing the clerk to issue a writ of assistance on application of receiver herein appointed."

The writ of assistance is a summary interlocutory proceedings by which a court of equity enforces its decree determinative of title to, or right of possession of, real estate, where possession is held by another against whom it has been previously adjudicated and the one in possession is holding against the enforcement of the decree. It performs the same office in a suit in equity as an execution, or writ of possession, in an action at law, being nothing more than the process by

which the court finally carries its judgment or decree into effect. The writ is sometimes called a writ of possession, the objects of the two being substantially the same; that is, to put the person entitled to property in possession thereof. The distinction is that the former is the proper remedy in equitable and the latter in legal actions. Both are the culminating process of a valid decree to carry the decree into effect. When a court has decided a case on the merits, and after a sale has been made under a decree in which the court has obtained jurisdiction, the court has power to give possession to a purchaser, although delivery of possession is not made a part of the decree. The right thus becomes necessary and proper in order to enable a court to carry out its decree, or judgment, and to give the proper relief to which such party seeking the relief is entitled. So, in the case here, the validity of the previous orders or judgments of the court affecting the land in possession of the defendant J. T. Boyd becomes an essential inquiry as to the right of the receiver and the purchaser to a writ of assistance. This brings us to the point of determining the validity of the orders or judgments by which appellee receiver is entitled to the possession of the land to enable him to consummate the sale to the purchaser Betty Boyd.

■ At the request of the defendant J. T. Boyd, the trial court filed the following findings of fact, to which there appears no exception challenging such findings; hence we are obliged to accept same as true, and we do adopt same as the findings of this Court:

"Findings of Fact.

"(1) This suit was filed in this Court on February 11, 1946 by Betty Boyd, a widow, Caery Starghill and his wife, Eunice Starghill, as plaintiffs, against Eugene Boyd and J. T. Boyd, as defendants, and personal service was had on February 27th, 1946 on both defendants. On March 26th, 1946, neither of the defendants having filed any answer, the case was tried in this Court and a judgment duly entered determining the respected interests of the parties in the tracts of land involved in the suit, adjudging said land to be incapable of partition in kind and appointing Jas. D. Buster as Receiver to take into his possession the above mentioned real estate, to sell said property at private sale and to report such sale to this Court for the action of the Court thereon. (2) The said Jas. D. Buster accepted said appointment, duly qualified as receiver and is acting in said capacity. On April 22nd, 1946 Jas. D. Buster, in his capacity as receiver, sold said tracts of land to Betty Boyd for the sum of $500.00, cash, and promptly reported such sale to the Court. Thereafter on May 3rd, 1946 said sale was confirmed by this Court by its order duly entered herein and the receiver was authorized to consummate the sale. The Court informed the purchaser, Betty Boyd, that she would be given possession of the property. (3) The purchaser, Betty Boyd, is now, and at all times since the sale by the receiver to her has been, ready, able and willing to pay the purchase price upon delivery to her of a deed to, and the possession of, said land. (4) The defendant, J. T. Boyd, was, and is, occupying a portion of said tracts of land. Demand was made on said defendant for possession of said land. He has not vacated said property but is now in possession of a portion thereof and refuses to surrender possession. (5) The delivery of possession of said property to the purchaser is necessary to consummate said sale. (6) On December 4, 1946, the receiver filed in this Court his application for a writ of assistance to remove said defendant, J. T. Boyd, from said tracts of land and to deliver actual possession thereof to the receiver. Personal service of notice of said application and of the date for the hearing thereon was had on the defendant, J. T. Boyd. He has not vacated said property but still is in possession of a portion thereof and such possession by him prevents the consummation of the sale heretofore authorized and confirmed by this Court."

■ We think the judgments, or orders, of the trial court appealed from are correct. The validity of the judgment appointing Jas. D. Buster Receiver, decreeing the shares of interest to the respective

972

parties, and ordering the land sold and the proceeds divided, is not challenged. The report of sale to the purchaser follows closely the court's judgment; and the decree of the court approving the report and directing the receiver to execute deed to Betty Boyd, the purchaser, assuming the grounds of defendant J. T. Boyd's motion to be true as against the receiver's exceptions, such alleged grounds are not sufficient to set aside the judgment of the trial court.

We have considered the various points of error presented by appellant and they are overruled. The judgment is affirmed.

### On Motion for Rehearing

In motion for rehearing appellant challenges our statement that the findings of fact by the trial court, quoted in our original opinion, were not excepted to by the appellant. We take notice of the motion of appellant as reflected in the transcript, labeled "Defendant's Request for Additional Findings," in which his so-called "exceptions" to the court's findings are merely abstract questions of law; not a challenge to the statement of facts. The court merely recited the various orders, judgments and decrees, case history naming the parties involved, character of the instruments of record, dates of filing and entry, etc., none of which were excepted to as not being reflected by the case record.

Appellant's "exceptions" in his request for additional findings are as follows: "(1) Because the facts show that there was no valid enforceable contract of sale between the receiver and prospective purchaser, for the reason that there is no contract in writing, and that any contract for the sale of real estate not in writing is void within the Statute of Frauds. (2) Because delivery of possession of the property is not necessary to consummate a sale of realty. (3) Because the pleadings of plaintiff did not support the judgment of March 26, 1946, directing the receiver to take possession of the real estate. (4) Because receivers appointed in statutory partition suits to sell realty for the purpose of partition under the law, do not have authority to take possession of property.

This power is derived from statutory or equity receiverships."

It will be seen from the above motion that the movant does not challenge any of the findings of fact recited by the trial court; his "exceptions" are mere conclusions of law to which the judgment of the trial court, in effect, answered, holding against the contention of appellant. The trial court was not required to answer or file his conclusions on the specific abstract questions of law raised in appellant's motion on facts not disclosed in the record. The record clearly sustains the findings and judgment of the trial court.

Appellant's assignment of errors is overruled; motion for rehearing denied.