**HENWOOD et al. v. POLIS & HAGAN.**
No. 12077.

Court of Civil Appeals of Texas.
San Antonio.
June 14, 1950.

Ward & Brown, Corpus Christi, for appellant.

Taylor, Cox, Wagner & Adams, Brownsville, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Albert K. Polis and Carl O. Hagan, doing business as Polis and Hagan, against Berryman Henwood, trustee, and St. Louis Southwestern Railway Company of Texas, seeking to recover for damages in transit to a carload of tomatoes containing 780 lugs. The trial was to the court without a jury and resulted in judgment in favor of plaintiffs and against both defendants in the

sum of $1895.70, from which judgment Berryman Henwood, trustee for the St. Louis Southwestern Railway Company of Texas, and the St. Louis Southwestern Railway Company of Texas have prosecuted this appeal.

Appellants' first point is that the judgment does not dispose of all the parties to the suit. Since the filing of appellants' brief appellees have filed a supplemental transcript containing a nunc pro tunc judgment disposing of all the parties and eliminating this question from the case.

Appellants' next point is that the court erred in rendering judgment for more than nominal damages, as the evidence failed to show the market value of the tomatoes in the decayed condition in which they arrived at their ultimate destination. The evidence shows that the tomatoes arrived in El Paso, Texas, to which destination they had been re-routed from Forth Worth, Texas, in a 25 per cent decayed condition. The evidence is that in such condition the tomatoes had no market value and could not be sold without re-working. Edward Levy testified by deposition in part as follows:

"Q. Please state whether any of the tomatoes were not salable at the time of delivery by carrier to consignee and, if so, how many were without value and lost. A. As far as selling them the way cars arrived, it was impossible to sell them as they were. We had to recondition them.

."Q. How many lugs were reconditioned or salvaged and sold by consignee? A. 250 lugs."

■ There was no testimony to the contrary offered by appellants. These 250 reworked lugs were actually sold for a net sum of $508.40 and the court gave the appellants credit for this full sum in computing the amount of the judgment. We overrule this point. Texas Mexican Ry. Co. v. Slaughter, Tex.Civ.App., 122 S.W.2d 1101; Galveston, H. & S. A. R. Co. v. Standard Rice Co., Tex.Civ.App., 34 S.W.2d 619.

■■ Appellants next point is that the evidence is insufficient to show that only 250 lugs were salvaged from the car and

that 530 lugs were lost. We overrule this point. Appellants' contention is that this car and another car were reworked together and, therefore, it is not known how many lugs were salvaged from each car. The trial judge found against appellants on this contention and such finding is supported by the evidence given by the witness Levy. He testified that only 250 lugs were salvaged from the car and that this car was not re-worked with other cars. Appellants attack the weight to be given to the testimony of Levy and contend that his testimony as a whole shows that he did not have first-hand information of the fact to which he testified. We cannot agree with this contention. The weight and credibility of his testimony was a matter to be considered by the trial court, who gave credence to such testimony, and we are not in a position to say that he erred in doing so.

■ Appellants next contend that there being no evidence that the St. Louis Southwestern Railway Company of Texas assumed, by Federal Court order, the obligation incurred by Henwood, trustee, judgment herein against the Railway Company must be reversed. We overrule this contention. The receiver filed a plea in abatement in which he alleged that he, as trustee, had turned the property of the Railway Company back to it and that the Railway Company had assumed all outstanding obligations. This admission by the trustee is binding upon the Company. Furthermore, the provisions of Art. 2303 and Art. 2305, Vernon's Ann.Civ.Stats., have the effect to make the Railway Company liable whether it has assumed such obligation or not.

■ Appellants next contend that the judgment against the receiver must be reversed because appellees have alleged that the receiver had delivered the property back to the Railway Company pursuant to orders of the District Court of the United States for the Eastern District of Missouri, and that the Company received and now operates the property and has assumed the contracts and obligations entered into and incurred by the trustee. We overrule

722

this contention. The suit here is upon a bill of lading issued by the trustee and he is liable thereon because there is no evidence here that the United States Court, as provided by 11 U.S.C.A. § 628, had entered a final decree closing the estate. An order closing the estate is a different order from one delivering the property back to the Company.

The judgment is affirmed.