**GAFORD v. ARNOLD et al.**

No. 6115.

Court of Civil Appeals of Texas. Amarillo.

Jan. 22, 1951.

Rehearing Denied Feb. 19, 1951.

Strasburger, Price, Holland, Kelton & Miller, Dallas, for appellant.

Harry Bunnenberg, Vernon, for appellees.

PITTS, Chief Justice.

This is a venue suit in which appellees, Omega Arnold, individually and as next friend for Brenda Arnold and Richard Arnold, minors, sued appellant, Riley Gaford, in Wilbarger County for damages by rea-

son of the death of their husband and father, Harry Arnold, as a result of an automobile collision in the said county on or about February 2, 1950. Appellant filed his plea of privilege to be sued in Foard County, the county of his residence. The same was controverted by appellees, contending that appellant committed a trespass in Wilbarger County within the meaning of exception 9 to Article 1995, Vernon's Annotated Civil Statutes, and the issue of venue was heard by the trial court without a jury. The plea of privilege was overruled and appellant has perfected his appeal.

Appellant predicates his appeal upon one point charging error because appellees "failed entirely to establish any trespass in Wilbarger County". In his single point of error appellant does not make his position very clear. An examination of the point of error does not reveal whether appellant intends to attack the pleadings of appellees or challenge the evidence as being insufficient or contends that there was no evidence to support venue in Wilbarger County. Appellees' pleaded five different acts of appellant's negligence, namely: (1) excessive speed, (2) travelling in the wrong lane of the highway, (3) driving too close to the center line of the highway, (4) operating his truck with equipment attached thereto in such a manner as to create a dangerous hazard and menace to others, and (5) a failure to keep a proper lookout at the time and place of the collision. The trial court found that all of the said negligent acts existed except the last alleged act and that they each proximately caused the collision and injuries. A careful examination of appellant's entire brief together with his reply brief reveals no attack made on appellees' pleadings. It seems that he finally concludes "that there is no evidence of any substantial probative force to establish any trespass".

In a venue case plaintiffs are charged with the burden of properly pleading and proving their claims of venue but in making proof they are required only to establish by a preponderance of the evidence the necessary fact issues to the satisfaction of the trier of facts, which was the trial court in this case. If appellees have done that in this case, they have met the requirements of the law.

At the request of appellant the trial court filed its findings of fact and conclusions of law. Its findings were, in effect and in part, as follows: that appellees' decedent, Harry Arnold, was driving a jeep pickup west along his center right-hand lane of Wilbarger Street, a four lane east-west street and highway thoroughfare carrying the traffic on U. S. Highways 70 and 287 through the City of Vernon; that decedent was preparing to make a left-hand turn from Wilbarger Street onto Sherman Street where it intersected Wilbarger Street only from the south side as said street did not cross Wilbarger Street and continue north of the same; that appellant was driving his truck loaded with grain east on the inside lane of the four lane Wilbarger Street at an excessive rate under the circumstances of 30 miles per hour and running near or over the center line of the said thoroughfare; that a collision occurred between the two motor vehicles not far from the point of intersection of the two streets, near the center lane of Wilbarger Street and a short distance west of the center lane projected north of Sherman Street, in the City of Vernon at about nine o'clock p. m. on February 2, 1950, when the two motor vehicles sideswiped each other, causing the left-hand saddle tank of the truck to rupture, emptying its gasoline contents on the highway, igniting the gasoline, which critically burned Harry Arnold, appellees' decedent, as he was trapped therein, from which injuries he soon died; that a highway reflecter sign existed on West Wilbarger Street visible to motorists driving east on the said street informing such motorists that the inside lane of the four lane highway was to be used only for passing other motor vehicles and appellant saw the said sign or should have seen it by the exercise of ordinary care; that there were no other motor vehicles using either of the lanes on the south side of Wilbarger Street or parked along the same and appellant was not using the said inside lane upon which he was travelling for passing other motor

vehicles therein; that appellees' decedent was properly driving his jeep pickup on the inside lane of his side of the street and highway inasmuch as he was preparing to make a left-hand turn onto Sherman Street, as he had a right to do, while appellant was improperly driving his truck on the inside lane of his side of Wilbarger Street since he was not passing and had not passed any other motor vehicle at or near the scene of the collision and he could not have turned to the left at the said street intersection since Sherman Street did not cross Wilbarger Street and continue north; that appellant's truck was equipped with two side-saddle gasoline tanks, strapped to and extending outward from the frame on each side of his trailer truck and it is a fair inference from the evidence that the left-hand side-saddle gasoline tank of the truck, as well as the left side of the bed of the truck, might well have extended over and beyond the center lane of the highway and caused the collision with the jeep pickup even if the left wheels of appellant's truck were travelling entirely on the right-hand side of the center lane of the highway; the appellant's truck, with the jeep pickup in question attached thereto in some manner, lodged against a telephone pole after the collision, facing northeast, on the north side of the highway and some distance east of the point of intersection of the streets in question where the collision occurred; that appellant was negligent on the occasion in question (1) in driving and operating his truck at an excessive rate of speed, under all the circumstances, (2) in driving his truck on the inside lane of Wilbarger Street contrary to traffic rules and directions, (3) in driving his truck too close to the center line of the highway, (4) in operating his truck equipped with side-saddle gasoline tanks in such a manner as to constitute a hazard and menace to others; and that appellant's negligence in each of the foregoing named instances was a proximate cause of the collision that resulted in the injuries and death of appellees' decedent. The trial court concluded that appellant's said negligence in each instance was active in its nature and constituted a trespass within the meaning of exception 9, Art. 1995, for which reasons the District Court of Wilbarger County has venue of this suit.

Exception 9 of Article 1995 provides that a suit based upon a trespass may be brought in the county where the trespass was committed by the defendant or his agent or in the county where the defendant has his domicile. Negligence, properly defined, involves a failure of duty and consists of acts or omissions. If a duty is breached by an act of negligence which is active or affirmative in character, a trespass may exist. In the case of Barron v. James, 145 Tex. 283, 198 S.W.2d 256, the Supreme Court held that in order to establish a trespass there must be evidence tending to prove affirmative acts of negligence on the part of a defendant as distinguished from an omission to perform a duty. If the findings of the trial court filed in this case are not disturbed and if any one or more of appellant's acts of negligence found by the trial court to exist is active or affirmative, a trespass has been shown and Wilbarger County has venue.

Appellant does not except to or assail any of the trial court's findings other than to present a single point of error that may be inconsistent with one or more of the said findings. The trial court made its findings at the request of appellant but nowhere does the record reflect that appellant objects or complains about any of them or challenges any of them. He merely makes a general charge that "there is no evidence of any substantial probative force to establish any trespass".

In the case of Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91, the Supreme Court held that in a venue case on appeal the rules governing the duties of an appellate court in reviewing the facts found by the trial court are the same as they are in any other case on appeal. In the case of Boyd v. Boyd, Tex.Civ.App., 207 S.W.2d 969, a case that did not involve the issue of venue, Chief Justice Bond, speaking for the Dallas Court of Civil Appeals, held that an appellate court must accept as true the findings of fact filed by the trial court and not challenged by ex-

ceptions thereto. In that case appellant requested additional findings but nowhere did he except to or challenge the findings made. In the case at bar appellant takes a position inconsistent with, at least, some of the findings of the trial court but nowhere does the record reflect that he asked for additional findings, excepted to or challenged any of the findings made or charged that any one or more of them was incorrect. Applying the rule enunciated by Justice Bond, as the Supreme Court authorized us to do in the Compton case, we must accept as true the trial court's findings in this case and sustain its judgment.

■ But, be that as it may, the first charge of appellant's negligence made by appellees was that of travelling at an excessive rate of speed at the time and place of the collision. The trial court found that appellant was travelling at a speed rate of 30 miles per hour, which is also found to be excessive under the circumstances and found to be a proximate cause of the collision and injuries. There are numerous authorities holding that the act of driving a truck at an excessive or unsafe rate of speed resulting in a collision that proximately causes an injury and damages is an affirmative act of negligence that constitutes a trespass within the meaning of the venue statute.

■ The witness J. T. White testified that he was driving closely behind appellant at the time of the collision. He further testified that the motor vehicles sideswiped each other, gasoline ran out of the truck and ignited, spreading fire over an area about 15 feet across it; that he backed his car further away from the scene, helped Harry Arnold out of the fire as his clothing burned and he and a Mr. Abbott, who appeared quickly on the scene, finally extinguished the fire that was burning the clothing of the deceased. He further testified that the truck and jeep landed against a telephone pole on the north side of the highway and were burning; that he did not then know either of the drivers of the motor vehicles that collided; that the highway or street had four lanes and no other motor vehicles were near the scene at the time of the collision; that appellant was operating his truck on the inside lane next to the center line of the highway and he estimated appellant's speed at the time and place of the collision to be 30 miles per hour. He was not positive about the speed rate but his best estimate was 30 miles per hour and he based his estimate upon his experience and observation as a driver of long experience. The testimony of White was not denied. Appellant did not testify himself or offer any evidence of any character to refute the testimony offered by appellees, although he contends that White's testimony is insufficient to sustain the trial court's findings as to appellant's rate of speed. The evidence reveals that both the witness White and appellant were occupants of moving motor vehicles and it was difficult for White to be specific in estimating an absolute accurate speed rate. It has been held in such cases where the negligent rate of speed is an issue to be determined that it is well to show the circumstances surrounding the occurrence and the nature of the act itself but the actual speed of the vehicle need not be shown with mathematical certainty. Stovall v. Whatley, Tex.Civ.App., 183 S.W.2d 672. In the case at bar evidence was offered tending to show the circumstances surrounding the collision and the estimated rate of speed.

■ Policeman Kent Cox testified that he got to the scene of the collision immediately and found the tank and jeep fastened together and lodged against a telephone pole and on fire with flames extending about four feet above them. The telephone pole against which they were lodged was north of the highway and some 50 feet east of the intersection with the truck facing northeast and the jeep facing east. The physical facts therefore show that appellant's truck loaded with grain was travelling with enough speed when it contacted the jeep to carry the jeep along with it across the highway to the north side and to a point some 50 feet from the intersection where they both lodged against a telephone pole with the jeep turned around facing the direction from which it had come. The record does not reveal

with what force the two motor vehicles struck the telephone pole, which pole was also burning when the witness Cox got to the scene, nor does the evidence show how much further the two vehicles might have gone before they stopped if their force had not been impeded by the said telephone pole. However, the physical facts reveal that appellant's truck was not travelling slowly at the time of the collision. On the contrary it is our opinion that the physical facts corroborate the testimony given by the witness White who estimated appellant's speed rate at 30 miles per hour at the time and place of the collision. Appellant, who according to the testimony was there and should have been in possession of material facts concerning this and other matters, did not see fit to throw any light on the question by offering any testimony concerning his rate of speed if such was not excessive under all of the cricumstances. In the recent venue case of Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, the court held that the operation of a motor vehicle at an excessive speed rate that results in injury does not constitute passive negligence but it is active negligence that constitutes a trespass within the provisions of exception 9, Article 1995. Numerous authorities are there cited in support of the holding.

After viewing the evidence and the circumstances as a whole in a light most favorable to the trial court's findings, as we are required to do in passing upon these matters, it is our opinion that the evidence supports the findings of the trial court to the effect that appellant was driving his truck at a rate of 30 miles per hour at the time and place of the collision. It is our opinion further that a speed rate of 30 miles per hour for a loaded truck with a trailer attached travelling on a busy street and highway within the city limits of Vernon at an intersection of streets at nine o'clock p. m. while meeting another motor vehicle was an excessive rate of speed under the circumstances and that an ordinary prudent person would not have been guilty of travelling at such a speed rate under all the circumstances.

The evidence conclusively shows that appellant was operating his truck on the inside right-hand lane of the four lane highway at the time and place of the collision and at a time when his side of the highway was clear and he was not therefore travelling on the inside lane for the purpose of passing other motor vehicles. The evidence further shows that there was a highway reflecter sign posted by the side of the highway plainly visible to the travelling public just west of and near the point of collision as is authorized by Subdivision (b), Section 60 of Article 6701d, Vernon's Annotated Civil Statutes, informing motorists that the inside lane of such a highway was to be used only for passing other motor vehicles and Subdivision (c) of the same Section and Article directs the travelling public to observe the instruction. However, appellant was not observing such instruction and the trial court so found.

The parties stipulated by agreement that if Mr. Landers, an absent witness and the operator of a grocery store near the street intersection at the point where the collision occurred, were present, he would have testified, in effect, that according to his impression, which has been held to mean in his opinion, appellees' decedent Harry Arnold, lived near Sherman Street, which the evidence shows extends south of Wilbarger Street from the point of intersection where the collision occurred, and that the said witness would have further testified, in effect, that he had observed the deceased, Harry Arnold, a number of times pass the intersection in question in his jeep driving west and it was his custom to turn left on Sherman Street from the point of intersection toward his home. The evidence further showed that the deceased, Harry Arnold, was 33 years old and was a mechanic working for City Music Company, that he had a family consisting of a wife and two small children; that he left home for work at eight o'clock on the morning before the collision occurred and had been out all day without returning home for lunch. Based upon all of the circumstances, together with the testimony given the trial court found that

appellees' decedent was properly driving on the highway preparing to make a left-hand turn onto Sherman Street at the time of the collision. Although appellant did not except to or challenge such a finding and has offered no assignment of error complaining about such a finding, he contends that the statements which the parties agreed Mr. Landers would testify to if present deserve no credence as testimony, particularly in regard to any impression the witness might have had, but the statements are in evidence by agreement of the parties and none of them were denied and no attempt was made to disprove any of them. It has been held that a witness may give his impression about a matter and the credence of such is to be determined by the finder of facts. Heflin v. Eastern Ry. Co. of New Mexico, Tex.Civ.App., 159 S. W. 499, writ refused. According to the undisputed facts it would naturally be presumed that Harry Arnold was on his way home to his family after a long day's work and was preparing to turn left onto Sherman Street at the point of the collision and the trial court was justified in so finding.

The rule of law governing negligence by reason of a motor vehicle travelling in the wrong traffic lane on a street or highway has been well stated by the court in a recent similar case of Utz v. Michael, 227 S.W.2d 597, 599, as follows: "It is well established that the driving of a motor vehicle in the wrong traffic lane and there striking another vehicle is an affirmative act of negligence within the meaning of exception 9 of Article 1995, supra. Hill v. Connors, Tex.Civ.App., 219 S.W.2d 587. This being a violation of the law of the road, Vernon's Ann.P.C. Art. 801, it is an affirmative act of negligence and is a trespass within the meaning of said exception. Schuller v. Fears, Tex. Civ.App., 67 S.W.2d 343."

According to the facts found and the law governing them it is our opinion that appellant was guilty of active or affirmative negligence that constituted a trespass in Wilbarger County within the meaning of exception 9, Article 1995, in travelling at an excessive rate of speed under all of the circumstances at the place and time of the collision that resulted in the injuries and also in travelling in the wrong lane for traffic at the said time and place. Having sustained the trial court's findings to the effect that appellant was guilty of, at least, two acts of affirmative or active negligence, either of which is sufficient to hold venue of the case in Wilbarger County, we do not consider it necessary to pass on the other acts of negligence found by the trial court to exist. However, the trial court is authorized to take into consideration strong inferences of fact in making its findings as it did in some of its other findings of negligence in this case. It has been held that strong circumstances, making a fact very apparent in nature, supported by at least some undisputed testimony is sufficient to support a trial court's findings. We do not therefore hold that the other findings of negligence of appellant by the trial court are not supported by the evidence.

If there is any evidence or any theory upon which the trial court's judgment can be sustained, regardless of whether or not there is a finding made in support thereof, the reviewing court is required to affirm the judgment. It is our opinion that the evidence is amply sufficient in this case to sustain the trial court's judgment. For the reasons stated appellant's point of error is overruled and the judgment of the trial court is affirmed.