## EVANS v. RUSH.
### No. 6224.

Court of Civil Appeals of Texas. Amarillo.
Sept. 29, 1952.

Cooper & Finney, Amarillo, for appellant.

Campbell & Brock, Lubbock, for appellee.

PITTS, Chief Justice.

This is a suit for actual and special damages sought by reason of plaintiff's personal injuries sustained as a result of an automobile collision occurring in Lubbock county soon after sundown on February 3, 1951. Suit was filed by appellee, Elmer Rush, 55 years of age, against appellant, A. J. Evans, 42 years of age, alleging, in effect, a collision between a 1948 four-door Dodge sedan owned and operated by appellant and a 1948 Ford pickup in which appellee was riding while the same was owned and being operated by appellee's son, V. T. Rush, 37 years of age. The collision occurred about nine miles west of the town of Lubbock at the

intersection, of a farm-to-market road known as Shallowater-Wolfforth road running north and south and State Highway Number 290 running east and west while appellant with five passengers in his car was driving south on the farm-to-market road and appellee was riding in the front seat of his son's Ford pickup as it was being operated east on the said State Highway. The case was tried to the court without a jury and judgment was rendered for appellee for actual and special damages in the total sum of $6,500 from which judgment appellant perfected his appeal.

At the request of appellant the trial court filed its findings of fact and conclusions of law convicting appellant of negligence which directly and proximately caused the collision that resulted in appellee's injuries and further exonerated appellee from any negligence which caused or contributed to cause the collision. At the request of appellant for additional findings the trial court further found in detail, in effect, that neither appellee nor his son, V. T. Rush, was guilty of any negligence that caused the collision in question but that they both exercised such ordinary care as any prudent person would have exercised under the same or similar circumstances.

■ Appellant predicates his appeal upon several points charging that the trial court erred in convicting appellant of actionable negligence at the time and place of the collision and in acquitting appellee and his son, V. T. Rush, of negligence. However, nowhere has appellant excepted to or in any manner challenged or attacked any of the original findings or additional findings as to liability made and filed by the trial court upon the written request of appellant authorized by Rules 296–298, Texas Rules of Civil Procedure. It has been consistently held that an appellant must accept and be bound by the findings of the trial court, and particularly those made and filed at his own request as was done in the instant case, when he does not except to or in any manner challenge or attack such findings. Under such circumstances the appellate courts must also accept such findings as being true. Zapata County v. Llanos, Tex. Civ.App., 239 S.W.2d 699; Curry v. E. E. Stone Lumber Co., Tex.Civ.App., 218 S.W.2d 293; Boyd v. Boyd, Tex.Civ.App., 207 S.W.2d 969; Vilbig v. Gillette, Tex.Civ. App., 238 S.W.2d 569. For the reasons stated both appellant and this court are bound by findings of the trial court establishing liability hereinafter stated in substance and must accept them as being true.

■ The record reveals that some of the material facts were controverted and the testimony heard concerning the same was conflicting. However, the case was tried without a jury and the trial judge heard and passed on the evidence. He was the sole judge of the credibility of the witnesses and of the weight to be given their testimony. It was his duty to reconcile the conflicts in the testimony. His findings are binding upon appellant and this court if they are supported by any evidence of probative force and every reasonable presumption must be indulged in favor of such findings. Boston Ins. Co. v. Rainwater, Tex.Civ.App., 197 S.W.2d 118; Barrick v. David, Tex.Civ.App., 204 S.W.2d 520; Shock v. Mrs. Ragsdale's Foods Co., Tex.Civ.App., 228 S.W.2d 353; Henwood v. Polis & Hagan, Tex.Civ.App., 231 S.W. 2d 720.

■■ Appellant's own admissions made as a witness convicted himself of actionable negligence and the trial court so found. He admitted that he knew a visible stop sign existed on his side of the road at the intersection and testified that he stopped there briefly. However, the trial court found that, if he did stop, he thereafter moved on across the intersection without yielding the right of way to the approaching Rush car at a time when it was hazardous so to do. The trial court further found that visible stop signs existed at the point of intersection where the road in question crossed the Highway in question requiring appellant to stop his motor vehicle and yield the right of way to the approaching Ford pickup and other moving motor vehicles travelling on the Highway near the intersection but appellant failed to yield the right of way to the approaching Rush car and his failure so to do resulted in the collision. Such findings were based upon

uncontroverted evidence, including a further admission of appellant to the effect that he pulled his car up to the intersection and stopped briefly (this statement is controverted). There he observed near the point of intersection two cars travelling east and one car travelling west on the Highway as he sought an opportunity or "a gap to cross" the Highway and continue his journey south. The lead eastbound car and the westbound car "passed each other just a little east of the intersection", leaving the Rush car still approaching the intersection from the west while appellant "was moving into the intersection". Then appellant further testified as follows:

"I had thought that when the westbound car cleared the intersection I would have time to go thru the gap between the 2 eastbound cars. As the westbound car cleared the intersection he cut out my line of vision for a second so I could not see the 2nd eastbound car (the Rush car). I pulled upon the pavement & then saw the 2nd eastbound car about 75 to 100 feet west of me & I saw I had misjudged its speed & saw we might collide so I gunned my car & tried to beat it on across or get across before we collided. However, the left front of the other car a ½ ton Ford pickup driven by V. T. Rush collided with my car just behind the right front wheel."

The trial court further found upon controverted evidence that the Rush car was only 50 feet away when appellant entered the paved portion of the Highway at the intersection and that appellant could have then probably avoided the collision when he saw the approaching Rush car if he had applied his brakes and stopped rather than "gunned" his car in an effort to beat the Rush car across the intersection. The trial court likewise found that V. T. Rush exercised the care of an ordinarily prudent person and prevented more serious damage by applying his brakes and swerving his car a little to the right immediately prior to the collision, which occurred in the intersection approximately six feet south of the paved portion of the Highway. The trial court also found that both appellee and his son, V. T. Rush, saw appellant's automobile approach the intersection but both presumed appellant would stop there and yield the right of way to the approaching Rush car in compliance with the purpose of the visible existing stop sign. It further found that V. T. Rush was the sole owner and operator of the Ford pickup; that appellee was merely a passenger or guest of his son and had no control over the said Ford or its operation and that they were not engaged in a joint enterprise at the time and place of the collision.

As a result of these and other lengthy findings not necessary to repeat, the trial court concluded that appellant's negligence directly and proximately caused the collision and it acquitted appellee and his son, V. T. Rush, of any negligence under the facts and circumstances presented.

Some ten or more witnesses testified, including the parties to the suit and a Highway Patrolman, who visited the scene of the collision soon after it occurred and investigated the same. The trial court made no findings of the speed of the two cars immediately before the impact or collision occurred but, without any objections from either party, the Highway Patrolman estimated the speed at such time of appellant's Dodge at 15 miles per hour and the Ford at 20 or 25 miles per hour. An examination of the statement of facts reveals to us sufficient evidence of probative force to support the trial court's findings which establish liability.

Appellant charges that appellee's failure to warn and caution his son, V. T. Rush, about the excessive rate of speed at which they had both been riding in the Ford pickup "from Levelland to the scene of the accident", as well as to warn him of other apparent dangers, was negligence and each such act constituted the sole proximate cause of the collision. Appellant concedes that:

"It is well settled in Texas that the negligence of the driver of a vehicle cannot be imputed to an occupant thereof * * *."

But he contends that such rule of law is not applicable to the facts in the case at bar but that appellee was guilty of the acts of negligence here charged by reason of other well-established rules of law. The trial court does not sustain appellant's charges here made. On the contrary it finds and concludes that no acts of appellee or his son, V. T. Rush, constituted negligence that was the proximate cause of the collision or the sole proximate cause of such. It further finds and concludes that appellant's negligence was the direct and proximate cause of the collision by reason of his failure to yield the right of way to appellee and his son at the intersection. It is our opinion that the evidence and the law applicable thereto justify the trial court in so holding.

Appellant further contends that the damages awarded appellee are excessive. The burden is upon appellant to establish his contention but it appears that the contrary has been established. This being a non-jury case the trial judge was the trier of facts under rules previously herein stated and considerable latitude is vested in him in determining the amount of damages to be awarded in a personal injury action such as this. The damages in a case of this character cannot be measured by a mathematical yardstick. The courts will take judicial knowledge also of the diminishing purchasing power of the dollar in considering the charge of excessive damages awarded in a personal injury action such as this. City of Dallas v. Hutchins, Tex.Civ.App., 226 S.W.2d 155, and other authorities there cited.

The trial court found, based upon sufficient evidence to support such, that appellee was seriously and permanently injured by reason of a broken and shattered right kneecap, causing injury to the ligaments, tendons and muscles in his right leg and that he also received cuts and bruises on other parts of his body. His physical injuries were of such a nature as to require a surgical operation and hospitalization with medical treatment there for a period of eight days at a cost of $365. Therafter his right leg was placed in a cast and he walked on crutches for some time during which time he suffered considerable pain due to extensive swelling necessitating physiotherapy treatment at an additional cost. As a result of these injuries he was wholly disabled for a period of four months and he is still crippled, wears an elastic brace fitted on his right leg to protect and hold his kneecap in place and he still suffers pain and inconvenience as a workman. Prior to his injuries he was a carpenter and contractor earning an average of $250 per month. Since his injuries he cannot earn more than $50 per month. His injuries are of such a nature as to seriously impair his ability to labor and earn a living for himself and his wife. Because of these and other lengthy findings not necessary to repeat here, it is our opinion under the facts and the authorities cited that the total damages of $6,500 awarded to appellee by the trial court is not excessive.

For the reasons stated appellant's points of error are all overruled and the judgment of the trial court is affirmed.