**C. T. DURHAM, Appellant,**

v.

**FORT WORTH TENT & AWNING COM-
PANY, Inc., Appellee.**

No. 15532.

Court of Civil Appeals of Texas.

Fort Worth.

June 25, 1954.

Rehearing Denied Oct. 1, 1954.

J. C. Mount, Fort Worth, for appellant.

Thompson, Walker, Smith & Shannon, and Harland Weaver, Fort Worth, for appellee.

BOYD, Justice.

Appellee Fort Worth Tent & Awning Company, Inc., filed this suit against appellant C. T. Durham, alleging that appellant contracted with C. B. Capps to lay a carpet in a satisfactory and workmanlike manner in a bedroom of Capps' residence; that the carpet was in strips and it was necessary for appellant to sew or by other means to piece together the several strips to make one complete rug; that appellant was negligent in performing the work in that he "needlessly and without justification" cut the selvage edge of the strips and was negligent in putting the strips together, "in that said strips were not bound and fastened together in such manner as to prevent the carpet material from raveling and pulling loose;" that as a proximate result of appellant's negligence the carpet raveled and came apart along the seams where the strips were put together, and it is unsightly and threadbare in appearance. Capps assigned his claim to appellee. There was no jury, and the court rendered judgment against appellant for $98.

Appellee moves for a dismissal of the appeal on the ground that this Court has no jurisdiction because the judgment appealed from does not exceed $100, and on the ground that appellant has filed no cost bond and the supersedeas bond he filed is insufficient in that it is not in a sum fixed by the Clerk for at least double the amount of the costs in the trial and appellate courts.

■ As to the first ground for dismissal, appellee contends that Article 1819, Vernon's Ann.Civ.St., limits the jurisdiction of this Court to appeals from the County Court at Law where the judgment rendered exceeds $100. We do not think the Article is subject to that construction. It reads: "The appellate jurisdiction of the Courts of Civil Appeals shall extend to all civil cases within the limits of their respective districts of which the District Courts and County Courts have or assume jurisdiction when the amount in controversy or the judgment rendered shall exceed One Hundred Dollars exclusive of interest and costs." It is true that the judgment rendered was for less than $100; but the amount sued for by appellee was $285. That is the "amount in controversy". We think that if either the judgment rendered or the amount in controversy exceeds $100, exclusive of interest and costs, this court has jurisdiction of the appeal. Twin City Fire Ins. Co. v. Turnbow, Tex. Civ.App., 135 S.W.2d 641; Gulf, C. & S. F. Ry. Co. v. Cunnigan, 95 Tex. 439, 67 S.W. 888; Mobley v. Porter, Tex.Civ.App., 54 S.W. 655; Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Tex. 459, 84 S.W. 1054; Barnes v. Bryce, Tex.Civ.App., 140 S.W. 240; Stavely v. Stavely, Tex.Civ.App., 94 S.W.2d 545; Harrison v. Ward, Tex.Civ. App., 34 S.W.2d 891; American Nat. Ins. Co. v. Neely, Tex.Civ.App., 44 S.W.2d 761.

■ The bond filed in this case is in the amount of $450. While it is endorsed "Defendant's Supersedeas Bond," it is conditioned that appellant "shall prosecute his appeal with effect, and shall pay all the costs which have accrued in the court below, and which may accrue in the Court of Civil Appeals and the Supreme Court, and he shall perform its judgment, sentence or decree, and pay all such damages as said court may award against him." There is nothing in the record to show that the Clerk of the trial court fixed the amount of the probable costs, but he did approve the .

bond. Whether the bond is sufficient as a supersedeas bond we need not decide; but it appears to be in fact a cost bond, and we think it is sufficient as such under the holdings in Bachman v. Neal, Tex.Civ.App., 180 S.W.2d 643; Salas v. Gonzalez, Tex. Civ.App., 181 S.W.2d 823; Mercantile National Bank at Dallas v. McCullough Tool Co., Tex.Civ.App., 250 S.W.2d 870. The motion to dismiss the appeal is overruled. Rules 354, 364, and 365, T.R.C.P.

Appellant requested findings of fact and conclusions of law, and the court found that appellant pieced the strips of carpet together in a negligent and careless manner and that he did not piece them together in such manner as to prevent the nap or surface of the carpet from pulling loose and coming out along the edges, which it has done, and the carpet is unsightly in appearance. It was further found that the negligence of appellant "as hereinabove set forth" was the proximate cause of the damage to the carpet, and that it will cost $98 to repair it.

Neither any warranty, express or implied, nor breach of contract, nor the doctrine of res ipsa loquitur was relied upon for recovery. Appellee sought a judgment solely on its allegations of negligence.

By points of error appellant challenges the sufficiency of the finding of negligence to support the judgment; the sufficiency of the evidence to support such finding; and the sufficiency of the evidence to support a finding that any act or omission of appellant was the proximate cause of the damage to the carpet, or to justify the finding that it would cost $98 to repair it.

■ Appellee counters that since appellant did not file exceptions in the trial court to the findings of fact, he is precluded from attacking them here, and cites as authority for its contention the following cases: Gaford v. Arnold, Tex.Civ.App., 238 S.W. 2d 225; Boyd v. Boyd, Tex.Civ.App., 207 S.W.2d 969; Vilbig v. Gillette, Tex.Civ. App., 238 S.W.2d 569; and Evans v. Rush, Tex.Civ.App., 254 S.W.2d 799. Some of these cases use language that might be in-terpreted as supporting appellee's contention. We are unable to find anything in the Rules of Civil Procedure which would preclude appellant from challenging in this Court findings made by the trial judge, because he did not file in the trial court his exceptions to the findings. In his brief appellant directly challenges the findings as insufficient to warrant the judgment rendered and as not supported by the evidence. There is in this record a full and complete statement of facts. We think appellee's contention is not well taken. Swanson v. Swanson, 148 Tex. 600, 228 S.W.2d 156, and authorities there cited.

■ We are inclined to agree with appellant that the finding that he "pieced said strips together in a negligent and careless manner" is but a conclusion of law, and without any finding of fact upon which it is based. McGuffey v. Pierce-Fordyce Oil Ass'n, Tex.Civ.App., 211 S.W. 335; West End Town Co. v. Grigg, 93 Tex. 451, 56 S.W 49; Bogart v. Cowboy State Bank & Trust Co., Tex.Civ.App., 182 S.W. 678; Edwards v. Chisholm, Tex.Sup., 6 S.W. 558; Texas Midland R. R. v. Johnson, Tex. Civ.App., 65 S.W. 388; Prouse v. Industrial Commission of Colorado, 69 Colo. 382, 194 P. 625. Negligence consists in doing what an ordinarily prudent person would not do under the same or similar circumstances, or in failing to do what an ordinarily prudent person would do under the same or similar circumstances. That in process of piecing the strips of carpet together appellant did something that an ordinarily prudent person would not have done, or failed to do something that an ordinarily prudent person would have done, the findings do not disclose. Notwithstanding the court concluded that appellant pieced the strips together "in a negligent and careless manner," there is nothing in the fact findings which excludes the idea that an ordinarily prudent person would have done the work in the same way. Nor is the situation helped any by the further finding that "he did not piece them together in such manner as to prevent the nap or surface of the carpet from pulling loose and coming out along the edges."

In Edwards v. Chisholm, supra [6 S.W. 559], it is said: "* * * There was no finding, as a matter of fact, whether the act complained of was negligent or not; but the conclusions of law were as follows: 'That the emptying of the fire-box of the engine so near the strawstack was negligence on part of the defendants, and that they are liable for the damages sustained by plaintiff by reason of said fire, amounting to $95.55.' * * * It may be insisted, however, that the error of the court did not operate to the prejudice of the defendant, * * *. When we consider that the cause was tried without a jury, and that the question of negligence was for the court to determine, whether it was one of fact or one of law, the proposition seems plausible. But we do not think it sound. There was a question of fact in the case to be settled, which has not been determined. That question is, did the defendants, in their efforts to have the fire extinguished, and in seeing to its extinguishment, exercise that degree of care which a man of ordinary prudence would have exercised, considering all the circumstances? This is a question of fact, and upon its determination depended the proper decision of the case. * * *"

■ Even though the rules provide that the findings of fact and conclusions of law shall be stated separately, when that which is essentially a finding of fact is placed among the conclusions of law, and that which is essentially a conclusion of law is placed among the findings of fact, no transformation of their real character is thereby effected. Whatever their nature makes them, they are still that in substance and in effect. McGuffey v. Pierce-Fordyce Oil Ass'n, supra; Linberg v. Stango, 211 Cal. 771, 297 P. 9, 75 A.L.R. 555.

It is not contended that the evidence would not have supported a judgment for appellant, had the court so found. Were we urged to do so, we could not construe the finding to be a finding of negligence as a matter of law, because under the evidence in this case reasonable minds could have reached the conclusion that appellant did not fail to exercise ordinary care, and therefore a finding of negligence as a matter of law would be clearly wrong.

Appellant cut the selvage edge from the carpet strips, placed the two edges together, applied glue to the back of the carpet along each seam, and then placed seam-lock tape over the glue. One of appellee's witnesses testified that this was the "normal way" of laying carpet and "is the general practice." Other witnesses testified that the method used by appellant in putting the strips together was an acceptable method, and resulted in the best possible looking seam. They were experienced in the art of carpet-laying, and one of them had used that method for twelve years, and the other had used it six years. A witness for appellee expressed the opinion that the reason the carpet came loose at the seams was because the glue did not "take to the edges as it should have, or as it is normally done."

■ Although appellee alleged it, the court did not find that appellant was negligent in cutting the selvage edges; there was no finding that he was negligent in that he used defective glue, or an insufficient quantity of glue, or that he was negligent in not sewing the edges together. We think it was a question of fact as to whether appellant failed to exercise ordinary care in any of those particulars, and that a finding that he did so fail in regard to at least one was necessary to support the judgment.

■ We are not to be understood as holding that the evidence would not support all findings of fact necessary to authorize the conclusions of law and to warrant the judgment; but where the trial court fails to find on a necessary fact, or where it has made such findings and they are deemed by the appellate court to be insufficient to support the judgment, the appellate court is without power, on conflicting evidence, to make such findings, but can only reverse and remand. Choate v. San Antonio & Aransas Pass Ry. Co., 91 Tex. 406, 44 S.W. 69; Post v. State, 106 Tex. 500, 171 S.W. 707.

Believing that the judgment is based upon insufficient findings of fact, it is reversed and the cause remanded.